1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENNISON V, CASTILLO,

                          Plaintiff,

        v.

OFFICER LINDA M. SKWARSKI, et al.,

                          Defendants.

No. C08-5683 BHS

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES

JURY DEMAND

Plaintiff Rennison Vern Castillo is a citizen of the United States who honorably served his country in the military. Defendants are federal agents of Immigration and Customs Enforcement (ICE), a component of the Department of Homeland Security (DHS), who illegally detained, interrogated, and then imprisoned Mr. Castillo for seven-and-a-half months, charging him as a "deportable alien," despite the fact that—repeatedly and at every possible opportunity—Mr. Castillo made clear that he is a citizen of the United States of America. Had any of the defendants conducted a reasonable search of ICE's own records for Mr. Castillo's name, social security number, military records, or fingerprints, they immediately would have discovered that he was a citizen. Instead, Defendants deliberately

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

ignored Mr. Castillo's citizenship and repaid his service to this country with arbitrary and indefensible loss of the liberty for which Mr. Castillo had served to protect.

For the violations of his Fourth and Fifth Amendment rights, Mr. Castillo raises claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against the defendants, individual U.S. Immigration and Customs Enforcement officers. The ICE officers named as defendants here include those who personally ordered that Plaintiff be detained, interrogated and imprisoned for seven-and-a-half months, and the supervisors, who, in failing to provide necessary training and supervision, and in refusing to fulfill their role as a check on abusive practices, precipitated and prolonged the harm suffered by Mr. Castillo.

## 1. PARTIES

1.1.  <u>Plaintiff</u>: Rennison Vern Castillo is a U.S. Citizen, born in Belize. He has lived in the U.S. since he first came as a child with his mother, and became a U.S. citizen on October 28, 1998, while serving in the U.S. army. He is a resident of Lakewood, Washington.

1.2.  <u>Defendants</u>:

1.2.1.  At all times relevant, Linda M. Skwarski was a Senior Special Agent of Immigration and Customs Enforcement, United States Department of Homeland Security (ICE). At all relevant times Officer Skwarski was acting under color of federal law and is sued in her individual capacity.

1.2.2.  At all times relevant, Norris Potter III (who signed the form I-862, Notice To Appear, and who is the supervisor of Linda M. Skwarski) was a Supervisory Special Agent of Immigration and Customs Enforcement, United States Department of Homeland Security (ICE). In addition, on information and belief, Norris Potter III was responsible for training and supervision of Linda Skwarski, an ICE agent whose conduct caused the injuries alleged herein. On information and belief, Mr. Potter was also responsible

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 2
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

for acting—and had a duty to act—as a check on arbitrary or unjustified actions against U.S. citizens. At all relevant times Officer Potter was acting under color of federal law and is sued in his individual capacity.

1.2.3. At all times relevant, Officer Carl Stephens was a federal agent of Immigration and Customs Enforcement, United States Department of Homeland Security (ICE), stationed at the Northwest Detention Center in Tacoma, Washington. As part of his job responsibilities, Officer Stephens had a duty to ensure that no U.S. citizens were detained by ICE. At all relevant times Officer Stephens was acting under color of federal law and is sued in his individual capacity.

1.2.4. At all times relevant, Officer Julie Stephens was a federal agent of Immigration and Customs Enforcement, United States Department of Homeland Security (ICE), stationed at the Northwest Detention Center in Tacoma, Washington. As part of her job responsibilities, Officer Stephens had a duty to ensure that no U.S. citizens were detained by ICE. At all relevant times Officer Stephens was acting under color of federal law and is sued in her individual capacity.

1.2.5. At all times relevant, Michael Melendez was the Immigration and Customs Enforcement Supervising Deportation and Removal Officer for the Northwest Detention Center. On information and belief, at all times relevant, Michael Melendez was responsible for training and supervision of the ICE agents and officers whose conduct caused the injuries alleged herein. As part of his job responsibilities, Officer Melendez had a duty to ensure that no U.S. citizens were detained by ICE. At all relevant times Officer Melendez was acting under color of federal law and is sued in his individual capacity.

1.2.6. At all times relevant, John Does 1-50 were agents, employees, or otherwise representatives of ICE. As part of their job responsibilities, John Does 1-50 had a

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

duty to ensure that no U.S. citizens were detained by ICE.  On information and belief, John Does 1-50 were acting under color of law, and are sued in their individual capacity.

## 2.   JURISDICTION AND VENUE

2.1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1342, and 2201.  Plaintiff claims a violation of his rights to be free from unreasonable searches and seizures and rights to due process (in both its procedural and substantive forms) guaranteed by the Constitution of the United States.

2.2.     Venue is appropriate in the Western District of Washington because a substantial part of the events complained of occurred in this District and because upon information and belief most of the defendants reside in this District.  See 28 U.S.C. § 1391(b).

## 3.   FACTS

3.1.     Rennison Castillo was born in Belize in 1977.   He emigrated to the United States when he was only seven years old.  He has lived in the United States since that time. On July 26, 1990, when Mr. Castillo was 12 years old, his mother filed an application to provide Mr. Castillo with legal status under the Family Fairness Program.  *See* Ex. A (p. 19). That application contained Mr. Castillo's social security number xx-xx-1692, and the alien number ("A number") that ICE (then INS) had assigned to him: xx xxx 541.  Ex. B (pp. 21). That application also included both spellings of Mr. Castillo's first name:  Rennison and Renison.

3.2.     The application, which Mr. Castillo's mother filed on his behalf, was approved on July 26, 1990, via a letter that again listed Mr. Castillo's name and A number xx xxx 541. Ex. A.  Mr. Castillo's status was renewed on June 4, 1991.  Ex. C (pp. 22-25).

3.3.     On July 23, 1992, Mr. Castillo was granted permanent resident status based on the visa petition his mother filed for him.  Ex. D (pp. 26-41).  His application included both his social security number and A number.  Ex. D.  When ICE adjusted his status, it evidently

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 4
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    assigned Mr. Castillo another A number, xx xxx 414.  That number should have been, and

2 was, linked to the original A number xx xxx 541, through Mr. Castillo's social security

3 number, prior A number, and his fingerprints, all of which had been provided to—and were

4 on file with—ICE.  Exs. E (pp. 42-45) and D (pp. 26-41).

5         3.4.    Mr. Castillo's status as a lawful permanent resident remained in place

6 throughout the 1990s.  *See* Ex. F (copy of Mr. Castillo's Resident Alien card issued on Nov.

7 19, 1996) (pp. 47).

8         3.5.    Mr. Castillo enlisted in the U.S. military in November of 1996.  Ex. G (pp. 48-

9 51).  At that time he was still a lawful permanent resident, as is required for all enlistees in the

10 military.  Mr. Castillo's enlistment papers contain his social security number, his date of birth

11 and his A number.  Ex. G.  During his service in the Army, he received the National Defense

12 Service Medal and an Army Service Ribbon.  Ex. H (pp. 52-53).

13         3.6.    While serving in the U.S. military, Mr. Castillo applied to become a U.S.

14 citizen by—among other things—filing his N-400 application for naturalization with the

15 Immigration and Naturalization Service (INS) office in Seattle, Washington and providing his

16 social security number and fingerprints.  Ex. I (pp. 54-59).  At that time he was stationed with

17 the military at Fort Lewis, Washington.

18         3.7.    On July 2, 1998, Mr. Castillo attended his naturalization interview at the

19 Seattle INS office.  His application for naturalization was approved and he was sworn in as a

20 U.S. citizen on October 28, 1998, at the same INS office in Seattle, Washington.  *See* Ex. J

21 (citizenship certificate) (p. 61); Ex. K (oath) (p. 63-64).  He attended his naturalization

22 ceremony in his military uniform.

23         3.8.    Mr. Castillo was subsequently honorably discharged from the military upon

24 completing the terms of his final tour in July of 2003.  Ex. H (p. 53).

25

26

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.9.     In 2005, Mr. Castillo was detained in the Pierce County Jail, where he was completing an eight-month sentence for violation of a protection order, harassment, and residential burglary.  On September 21, 2005, while detained in the Pierce County Jail, Mr. Castillo was approached and questioned by Linda Skwarski, Senior Special Agent of Immigration and Customs Enforcement.  This interview took place approximately two months prior to Mr. Castillo's scheduled release from jail.

3.10.     When questioned by Officer Skwarski regarding his immigration status, he informed her that he was a U.S. citizen.  He explained his immigration history, including the facts that he had been a legal permanent resident and applied for—and received— naturalization while serving in the United States military.  He also described that he was sworn in as a U.S. citizen at the INS office in Seattle.

3.11.     Because Mr. Castillo knew he was a United States citizen, he was unconcerned by the ICE Officer's visit.  Yet, the record indicates that unbeknownst to Mr. Castillo, on September 21, 2005, the same day Officer Skwarski interviewed Mr. Castillo at the Pierce County Jail, Officer Skwarski prepared and signed the Form I-213, "Record of Deportable/Inadmissible alien" regarding Mr. Castillo. Ex. L (pp. 65-67).  ICE Supervisory Special Agent N. Potter III also signed his approval and dated the form.  On the I-213, Defendants alleged that, "there is no record to indicate subject applied for relief/immigration status."  The I-213, "Record of Deportable/Inadmissible Alien" specifically excludes the information that Mr. Castillo provided, including that he was a U.S. citizen, that he gave a detailed account of his military service, his naturalization application process, and his attendance at his naturalization ceremony.

3.12.     Moreover, the form that Officers Skwarski and Potter filled out is contradicted by the limited "facts" that it does contain.  The form states that Mr. Castillo never applied for "immigration status," but the form itself notes—albeit in poor grammar—that Mr. Castillo

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

had been granted legal status under the "Family Farenes [sic] program." Ex. L (p. 66). Had Officer Skwarski actually looked in Mr. Castillo's immigration file, she would have seen the application and approval letters dated July 26, 1990 and June 24, 1991, which gave Mr. Castillo status. (As Officer Skwarski knew, the term "voluntary departure" as it was used in the Family Fairness program actually refers to authorization to remain in the United States for renewable two-year periods of time. These periods are renewed until the person becomes eligible to adjust their status to that of lawful permanent resident. Participants in the program eligible for "voluntary departure" were eligible to remain and work legally in the United States until they adjusted their status to lawful permanent residence. Mr. Castillo participated in this program before adjusting to lawful permanent resident status in 1992.).

    3.13.    The failure to conduct any investigation into Mr. Castillo's status is further demonstrated by the Form I-213 that had been filed. That form—like Mr. Castillo's permanent residency and citizenship papers—contains Mr. Castillo's social security number, which was the same social security number listed on his application for lawful permanent residence, his military records, and his application for naturalization. In sum, the officers' determination that Mr. Castillo was without status was patently arbitrary, unreasonable, and inconsistent with ICE's own records, and it shows a complete, and necessarily deliberate, disregard for Mr. Castillo's rights.

    3.14.    The officers' conduct was even more egregious in light of the fact that there was absolutely no reason for their ill-informed and unjustified actions. Mr. Castillo was not scheduled to be released until November 2005. Unbeknownst to Mr. Castillo, however, the officers refused to investigate his claims and instead, on the day of the interview, September 21, 2005, an immigration detainer was faxed to the Pierce County Jail, advising the Department of Corrections that instead of releasing Mr. Castillo, the Jail was required to detain him for up to 48 hours to allow ICE to take custody of his person pursuant to 8 C.F.R.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

§ 287.7(d). The immigration detainer directed the Jail to notify ICE at least 30 days prior to his scheduled release. In sum, on September 21, 2005, when Officer Skwarski first interviewed Mr. Castillo and learned that Mr. Castillo had obtained lawful status, enlisted in the military, and become a U.S. citizen, Mr. Castillo was still scheduled to be incarcerated for nearly two additional months. Rather than investigate any of those issues in the nearly two months that remained before any action needed to be taken, she and her supervisors prepared the Form I-213, and filed the immigration detainer on the same day.

3.15.    Neither Officer Skwarski nor Special Agent Potter conducted any reasonable investigation into Mr. Castillo's credible claims of U.S. citizenship before issuing the Form I-213 and the immigration detainer. There were no exigent circumstances justifying the failure to conduct a reasonable investigation.

3.16.    The officers compounded their unconstitutional conduct by issuing a Notice to Appear, Form I-862, two days later, on September 23, 2005. Ex. M (p. 68-71). In that document, which is the charging document in removal proceedings, the officers falsely allege that Mr. Castillo was not a citizen of the United States. The Notice to Appear also charged Mr. Castillo as deportable for being present in the United States without admission. Tellingly, Mr. Castillo did not receive a copy of the Notice to Appear until nearly two months later on November 15, 2005, the day he was turned over to the custody of ICE, further depriving him of any ability to present evidence or contradict the complete falsity of that document before his liberty was curtailed.

3.17.    On November 15, 2005, Mr. Castillo was scheduled to be released from the Pierce County Jail. Instead of being released, he was told by officers of the jail to wait, as someone would be picking him up. A uniformed immigration officer from ICE arrived and shackled Mr. Castillo. Mr. Castillo was driven away from the jail in a van. Mr. Castillo was not told where he was being taken.

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 8
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.18. The van brought Mr. Castillo to the Northwest Detention Center, a federal detention center in Tacoma, Washington. Upon arrival at the Northwest Detention Center, Mr. Castillo sat in a locked cell for approximately six hours.

3.19. After six hours, a female ICE officer, who introduced herself as Officer Stephens, proceeded to question Mr. Castillo. Mr. Castillo again told Officer Stephens that he was a U.S. citizen, and that he had become a U.S. citizen while serving in the military. He described his naturalization ceremony in great detail. He also told Officer Stephens that his first name had been misspelled on his lawful permanent resident card (commonly known as a "greencard"). Officer Stephens informed Mr. Castillo that the information she had in her computer did not substantiate his claims. Officer Stephens plainly did not, however, make any effort to investigate the specific and credible information Mr. Castillo provided.

3.20. During that same interview, Officer Stephens asked Mr. Castillo if he wanted to go home. Thinking she meant his long time home in Washington State, Mr. Castillo replied in the affirmative. Officer Stephens then handed him paperwork to sign. Mr. Castillo refused to sign after reading the paperwork and realizing that the papers were for a stipulated order of removal to Belize, his country of birth.

3.21. A second ICE officer, a male officer named Carl Stephens, questioned Mr. Castillo following the first Officer Stephens' interview. The second Officer Stephens explained that he had been assigned as Mr. Castillo's Deportation and Removal Officer. Officer Stephens questioned Mr. Castillo at length, repeating the first Officer Stephens' questions, as well as asking Mr. Castillo where he was born, where he'd gone to high school, and where he lived. Mr. Castillo yet again explained to Officer Stephens that he had obtained permanent residence and ultimately became a U.S. citizen. Mr. Castillo explained in detail about the different schools he had attended in the United States, and then talked to Officer

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Stephens about his enrollment in the U.S. military, and the naturalization process that he had gone through to become a U.S. citizen while serving in the military.

3.22.    Nonetheless, after his interrogation, Mr. Castillo was taken to a men's cell block and assigned a cell. He was given a prison uniform to wear. Defendants issued a notice of Custody Determination, stating that Mr. Castillo would only be released upon posting a bond in the amount of $25,000.00. Mr. Castillo's Custody Processing Sheet makes no mention of the fact that Mr. Castillo claimed to be a U.S. citizen, even though the form specifically asks for any family ties or applications for immigration status and the Form I-213 clearly indicates that Mr. Castillo's mother is a U.S. citizen.

3.23.    As a direct and proximate result of Defendants' conduct, Mr. Castillo has been significantly harmed. Mr. Castillo, a U.S. Citizen, was unlawfully imprisoned by Defendants for seven-and-a-half months at the Northwest Detention Center in Tacoma, Washington. Day after day, week after week, Mr. Castillo endured the sufferings caused by this unlawful seizure and deprivation of liberty. As a result of the wrongful detention, Mr. Castillo suffered not only seven-and-a-half months of unlawful imprisonment, but also suffered extreme humiliation and emotional distress. Moreover, he lost the opportunity to return to his work during that time.

3.24.    In addition, Mr. Castillo suffered great harm based on his fear that he might be unlawfully deported and banished from his home and family. For seven-and-a-half months, he lived in constant fear of permanent exile from the United States, the country to which he had sworn allegiance when becoming a citizen, the country for which he had honorably served for over six years in the military, and the country that had been his only home for over twenty years.

3.25.    Initially Mr. Castillo assumed that ICE would perform its constitutional obligations and perform the minimal search necessary to locate the records demonstrating that

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

he was a U.S. citizen. He believed that after ICE determined that fact, and in the absence of any legal basis to deprive Mr. Castillo of his liberty, he would be released. Instead, for the next seven-and-a-half months ICE sought to have the Executive Office for Immigration Review order him removed from the United States, as a series of officials aggressively moved forward with deportation while refusing to perform the minimal searches for Mr. Castillo's name, social security number, military records, or fingerprint data, any one of which would promptly have revealed the truth of the specific facts he provided.

3.26.   After detaining Mr. Castillo, Defendants placed Mr. Castillo in removal proceedings by filing the Notice to Appear with the Immigration Court. Attorneys from ICE's Office of Chief Counsel proceeded to represent ICE against Mr. Castillo in these proceedings. Mr. Castillo appeared, unrepresented, in Immigration Court on December 21, 2005. He pleaded with the Immigration Judge Kenneth Josephson, once again explaining that he had been a legal permanent resident, applied for naturalization and been sworn in as a U.S. citizen. The Judge responded that Mr. Castillo "can't just expect me to believe you – your claim that you're a United States citizen."   The Immigration Judge asked the attorney representing ICE for ICE's position. The ICE attorney responded that they had "checked the database," and there was nothing to indicate that Mr. Castillo had ever filed to become a U.S. citizen. However, it is clear from ICE's own records that if any ICE official had actually run a search of the ICE database using Mr. Castillo's name, fingerprints, or social security number, they would have discovered all of Mr. Castillo's records, under the various identification numbers ICE had itself assigned, including the records indicating that he was a citizen.

3.27.   The Immigration Judge then reset the hearing for a month later in order to allow the two sides to gather more evidence. ICE kept Mr. Castillo in custody during that month, thus greatly impeding any chance that Mr. Castillo, a detained, unrepresented

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

individual, would be able to submit any additional evidence to demonstrate that he is a U.S. citizen. Mr. Castillo again talked to his deportation officer to see if the deportation officer had checked Mr. Castillo's military records, his social security records, or his immigration file in order to verify Mr. Castillo's claim of citizenship. Whenever possible, Mr. Castillo followed up with Officer Stephens, asking for updates on his case. He repeatedly informed Officer Stephens that he was a U.S. citizen, mentioning his military record, his social security number, and other identifying information. His deportation officer simply stated that he would keep looking. However, as stated above, a simple search of the central index system using Mr. Castillo's name would have revealed that he had naturalized on October 28, 1998.

3.28. In Immigration Court the next month, on January 24, 2006, the immigration judge once again asked the attorney representing ICE if ICE had found any evidence of Mr. Castillo's naturalization. Mr. Castillo again explained that he had served his country in the military and had been honorably discharged after serving more than six years. Most importantly, he explained that while in the military he had applied for naturalization and been sworn in as a U.S. citizen. He testified that he had a copy of his military identification and further explained that he had his official discharge papers in the trunk of his car and that if given the opportunity he would present them to the Immigration Court. Mr. Castillo's credible testimony was ignored by the Immigration Judge and disregarded by the prosecutor. Once again, ICE's representative affirmed that they had found nothing in their database to support Mr. Castillo's claim. The Judge then ordered Mr. Castillo removed from the United States.

3.29. After the hearing, Officer Stephens, the ICE Officer assigned as Mr. Castillo's deportation officer, laughed at Mr. Castillo, mocking him for having been ordered removed.

3.30. Mr. Castillo filed an appeal of the judge's order of removal with the Board of Immigration Appeals. Meanwhile days, weeks, and months passed with Mr. Castillo

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

remaining unlawfully imprisoned. He obtained legal representation from Northwest Immigrant Rights Project, who filed public records requests on his behalf. The public records requests, of course, revealed the veracity of Mr. Castillo's specific statements about his immigration status and citizenship and showed that ICE had assigned him the two A numbers—xx xxx 541 and xx xxx 414—which were linked by the common name, social security number, and evidently fingerprints on file. Still, the government did nothing, and forced Mr. Castillo to request further records using both A numbers, which he did on April 28, 2006.

3.31.    Notably, Mr. Castillo's immigration file contains full evidence of the various A numbers used. Thus, during the entire length of Mr. Castillo's unlawful detention, ICE had access to Mr. Castillo's complete immigration history, his social security number, and his fingerprints, his date of birth, his parents' names, and numerous other details, each of which independently would have revealed Mr. Castillo's citizenship status. Even a simple name search would have revealed Mr. Castillo's status. When confronted with repeated and credible claims of citizenship and a directive from the Immigration Court to investigate Mr. Castillo's claims, any reasonable officer or supervisor is constitutionally mandated to perform a search of ICE records using Mr. Castillo's name, social security number, or fingerprints. Defendants' repeated failure to conduct even the most minimal investigation of their own records is patently unreasonable and arbitrary.

3.32.    On June 29, 2006, after Mr. Castillo had been unlawfully imprisoned for 226 days (seven-and-a-half months), the attorney for ICE filed a motion to dismiss the case against Mr. Castillo, advising the immigration court that the proceedings had been "improvidently begun." Shockingly, ICE did not reveal that Mr. Castillo was a citizen in its pleading, which led the charges to be dismissed without prejudice. Ex. N (p. 73). As a result, Immigration Judge Josephson dismissed the case "without prejudice" and noted that the

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 13
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

rationale for the dismissal was "DHS Request" rather than due to the fact that Mr. Castillo is a U.S. Citizen. Mr. Castillo continues to live in fear that he may be unlawfully seized and detained again by ICE in the future.

3.33. On information and belief, with deliberate indifference, intent, or reckless disregard, Defendants failed to adequately and properly train and supervise Agents Carl Stephens and Julie Stephens and other officers and agents involved in the arrest, detention, questioning, and removal proceedings to which Mr. Castillo was subjected. On information and belief, Defendants' failure to provide proper and adequate training and supervision was a proximate cause of the injuries that Mr. Castillo suffered.

## 4.    COLOR OF FEDERAL LAW

4.1. Defendants committed the above-described acts within the scope of their authority as federal agents and under color of the laws of the United States.

## 5.    CLAIMS FOR RELIEF

5.1. **First Cause of Action**: **Violation of Fourth Amendment Rights.** By the above- described acts, including (but not limited to) refusal to conduct any reasonable investigation into probable cause, issuing an false and invalid warrant, seizing and detaining a U.S. citizen without jurisdiction, failing to perform any subsequent investigation into his lawful status, and continuing to hold the U.S. citizen long after he had provided credible evidence of his citizenship, Defendants violated Mr. Castillo's clearly established right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the Constitution of the United States. Defendants had no legal basis upon which to seize Mr. Castillo and detain him for almost eight months.

5.2. Defendants' conduct proximately caused harm to Mr. Castillo.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    5.3.    Defendants' conduct was done intentionally, with deliberate indifference, or

2    with reckless disregard of plaintiff's constitutional rights.

3    5.4.    Defendants' conduct was unreasonable and arbitrary.

4    5.5.    **Second Cause of Action**:  **Violation of Fifth Amendment Right to Due**

5    **Process (Procedural and Substantive).**  By the above-described acts, including (but not

6    limited to) seizing Mr. Castillo, failing to provide him notice of the charges against him until

7    after he was detained by ICE, failing to investigate his credible claims to citizenship,

8    repeatedly failing to search the records in the government's own possession and detaining Mr.

9    Castillo for nearly eight months, Defendants deprived Mr. Castillo of liberty and property

10   without due process of law as guaranteed by the Fifth Amendment to the Constitution of the

11   United States.

12   5.6.    Defendants' conduct proximately caused harm to plaintiff.

13   5.7.    Defendants' conduct was done intentionally, with deliberate indifference, or

14   with reckless disregard of plaintiff's constitutional rights.

15   5.8.    Defendants' conduct was unreasonable and arbitrary.

16

17            **6.        REQUEST FOR RELIEF**

18   WHEREFORE, plaintiff requests relief as follows:

19   6.1.    Trial by jury.

20   6.2.    Compensatory damages in an amount to be proven at trial.

21   6.3.    Punitive damages in an amount to be proven at trial.

22   6.4.    Costs and reasonable attorney fees.

23   6.5.    The right to conform the pleadings to the proof and evidence presented at trial.

24   6.6.    Such other relief as the Court deems just and equitable.

25   / / /

26

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 15
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED this 21st day of August, 2009.

K&L GATES LLP

By_____s/ Theodore J. Angelis_____
    Douglas B. Greenswag, WSBA #37506
    Theodore J. Angelis, WSBA # 30300
    Kymberly K. Evanson, WSBA # 39973
    Theodore J. Angelis, WSBA #30300
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
E-mail: douglas.greenswag@klgates.com
E-mail: theo.angelis@klgates.com
E-mail: kymberly.evanson@klgates.com


NORTHWEST IMMIGRANT RIGHTS
PROJECT

    Matt Adams, WSBA #28287
    Angelica Chazaro
    615 Second Ave., Ste. 400
    Seattle, WA 98104
    (206) 957-8611 (Phone)
    (206) 587-4025 (Fax)

Attorneys for Plaintiff
Rennison V. Castillo

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 16
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF ECF FILING AND SERVICE**

I certify that on August 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Matt Adams
Angelica Chazaro
Northwest Immigrant Rights Project
615 2nd Ave., Suite 400
Seattle, WA 98104
Attorney for Plaintiff

J. Michael Diaz
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Attorney for Defendants

Philip H. Lynch
Assistant United States Attorney
1201 Pacific Avenue, Ste. 700
Tacoma, WA 98402
Attorney for Defendants

                    s/ Theodore J. Angelis
Theodore J. Angelis
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 623-7580
Fax: (206) 623-7022
E-mail: theo.angelis@klgates.com

PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES - 17
Case No. C-08-5683 BHS
K:\0903845\00001\20733_KKE\20733P206N

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# EXHIBIT A

Deparment of Justice
Immigration and Naturalization Service
Western Service Center-Adjudications
P.O. Box 30040
Laguna Niguel, CA 92607-0040

Castillo, Renison
5301 S. Vermont Ave.
Los Angeles, CA 90037

DATE: July 26, 1990

File No: 541

Dear Applicant:

Your application for voluntary departure under the Family Fairness Program has been approved. If you applied for employment authorization, your Form I-94 has been noted which allows you to be employed in the United States.

A Form I-818, Information Notice regarding Request for Voluntary Departure and Employment Authorization, is attached outlining the requirements for maintenance of your status.

If you have any questions, please direct them to the Service Center at the above address. In order to serve you more efficiently, please include your assigned A-Number and indicate your inquiry is for the Family Fairness Program.

Sincerely,

Joseph L. Thomas
Center/Facility Director

ATTACHMENTS(S): Form I-94 (x)
Form I-818 (x)

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 19

REDACTED

# EXHIBIT B

U. S. Department of Justice
Immigration and Naturalization Service

OMB # 1115-0163

Application for Employment Authorization

Please Complete Both Sides of Form

**Do Not Write In This Block**

| Case ID# | Action Stamp | Fee Stamp |
|---|---|---|
| A# ▓▓▓▓▓▓ **541** | | *CPF 90 12704.34* |
| Applicant is filing under 274a.12 _____ | | Remarks |

☐ Application Approved. Employment Authorized / Extended (Circle One) _____ (Date).
  Subject to the following conditions: _____ until _____ (Date).
☐ Application Denied.
  ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
  ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c), (10), (13), (14).

I am applying for: ☒ Permission to accept employment
  ☐ Replacement (of lost employment authorization document).
  ☐ Extension of my permission to accept employment (attach previous employment authorization document).  **4-0**

1. Name (Family Name in CAPS) (First) (Middle)
   **CASTILLO   Renison   Vern**
2. Other Names Used (include Maiden Name)
   **(None)**
3. Address in the United States (Number and Street) (Apt. Number)
   **5301 S. Vermont Ave**
   (Town or City) (State/Country) (ZIP Code)
   **Los Angeles,   CA   90037**
4. Country of Citizenship
   **Belize**
5. Place of Birth (Town or City) (State/Province) (Country)
   **Seine Bight Village, Stann Creek Dist. Belize**
6. Date of Birth (Month/Day/Year)     7. Sex
   ▓▓ **77**                          ☒ Male  ☐ Female
8. Marital Status   ☐ Married   ☒ Single
   ☐ Widowed   ☐ Divorced
9. Social Security Number (include all Numbers you have ever used)
   ▓▓▓▓▓ **1692**
10. Alien Registration Number (A-Number) or I-94 Number (if any)
    **None**

11. Have you ever before applied for employment authorization from INS?
    ☐ Yes (If yes, complete below)   ☒ No
    Which INS Office?                Date(s)
    **N/A**
    Results (Granted or Denied - attach all documentation)

12. Date of Last Entry into the U.S. (Month/Day/Year)
    **July 16, 1984**
13. Place of Last Entry into the U.S.
    **Juarez, Texas**
14. Manner of Last Entry (Visitor, Student, etc.)
    **E.W.I.**
15. Current Immigration Status (Visitor, Student, etc.)
    **Illegal**
16. Go to the Eligibility Section on the reverse of this form and check the box which applies to you. In the space below, place the number of the box you selected on the reverse side:
    Eligibility under 8 CFR 274a.12:
    **( A ) ( 11 ) (    )**

**Complete the reverse of this form before signature.**

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking. I have read the reverse of this form and have checked the appropriate block, which is identified in item #16, above.

| Signature | Telephone Number | Date |
|---|---|---|
| *Timotea Castillo for Renison Castillo* | (213) 758-8521 | 03/29/90 |

**Signature of Person Preparing Form If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

| Print Name | Address | Signature | Date |
|---|---|---|---|
| *Benjamin E. Palacio, 5301 S. Vermont Ave, Los Angeles, Ca. 90037* | | | 03/29/90 |

| Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | 7/25/90 *EOD* | | |

Form I-765 (08/24/89) Page 2

**208**

**REDACTED**

# EXHIBIT C

RENISON      CASTILLO
5301 S VERMONT AVE
LOS ANGELES      CA    90037

2 4 JUN 1991

DATE

You were granted voluntary departure under the Family Fairness Program approximately one year ago. This notice serves to renew your period of voluntary departure for one year from the date of expiration of the initial period of voluntary departure as reflected on Form I-94. You received Form I-94 along with your approval notice.

Impact of Section 301 of the Immigration Act of 1990 on the Family Fairness Program.

Section 301 of the law provides for the granting of a stay of deportation, and the granting of employment authorization for an eligible immigrant who is a spouse or unmarried child of a legalized alien adjusted to temporary or permanent residence under sections 210, and 245A of the Immigration and Nationality Act, or section 202 of the Immigration Reform and Control Act of 1986 (Cuban/Haitian Adjustment). The eligible immigrant must have entered the United States before May 5, 1988, and the eligible immigrant must have resided in the United States on May 5, 1988. Section 301 of the Immigration Act of 1990 becomes effective October 1, 1991. In effect, this law replaces the Service's Family Fairness Program.

Travel

This renewal of voluntary departure does not authorize one to travel outside the United States. Authorization to travel must be requested in writing from a district director at an INS office. This authorization is termed "Advanced Parole". If you depart the United States without this permission, you will be deemed to have abandoned your status by effecting a departure and may be found inadmissible upon application for reentry.

DW36A/MAGCARD

204

Renewal of Employment Authorization

This notice does NOT renew the employment authorization you received in conjunction with the initial grant of voluntary departure under the Family Fairness Program. In order to renew employment authorization, you must file Form I-765 at the local Service office having jurisdiction over your place of residence. You should present this notice and your previously issued Form I-94 when you file your I-765.

Change of Address

You must notify INS immediately of any changes of address on Form I-697a so that you can be advised of important information regarding your status. Form I-697a can be obtained at an INS office.

Proof of Renewal of Voluntary Departure

You should carry the previously issued Form I-94 AND this notice and present it when required to demonstrate that your period of voluntary departure has not expired.

Lost I-94

Should you lose your Form I-94, you must complete Form I-102, "Application by Nonimmigrant Alien for Replacement of Arrival Document", with fee and mail it to the office specified at the top of this letter.

After October 1, 1991

You may be eligible for the benefits of Section 301 of the Immigration Act of 1990. You should make inquiry at a Service Office for information about this program after October 1, 1991

Sincerely,

Center Director
Western Service Center

DW36A/MAGCARD

# INFORMATION NOTICE REGARDING THE FAMILY UNITY PROGRAM

It is important for you to know that when your one year period of voluntary departure comes to an end the Service's current Family Fairness Program will no longer be in existence. When that time comes, you may be eligible, however, for "Family Unity" benefits made possible by the recently passed "Immigration Act of 1990" (IMMACT90). Section 301 of IMMACT90 provides for the granting of a stay of deportation, and the granting of employment authorization for an eligible immigrant who is a spouse or unmarried child of a legalized alien adjusted to temporary or permanent residence under sections 210, and 245a of the Immigration and Nationality Act, or section 202 of the Immigration Reform and Control Act of 1986 (Cuban/Haitian Adjustment). The eligible immigrant must have entered the United States before May 5, 1988, the relationship to the legalized alien must have been established as of May 5, 1988, and the eligible immigrant must have resided in the United States on May 5, 1988. The Family Unity Program will begin October 1. You should make inquiry about the Family Unity Program at your nearest INS office, after October 1.

DW36A/MAGCARD

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 25

# EXHIBIT D

OPTIONAL FORM 155A, (Rev. 6-89)
DEPT. OF STATE

NSN 7540-01-726-7761

30155-203

IV- ████,414

# IMMIGRANT VISA AND ALIEN REGISTRATION

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

INS FILE #, IF KNOWN

**OF:**
*(Family Name)* CASTILLO
*(First Name)* RENISON
*(Middle Name)* VERN

ACTION BY IMMIGRATION INSPECTOR

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA *(Name of vessel or flight no. of arrival)*

TA 2510

U. S. IMMIGRATION
160 LOS 4078

ADMITTED
UNTIL ▸ FX 2 (CLASS)

JUN 23 1992

CITY AND COUNTRY OF BIRTH
SEINE BIGHT, STANN CREEK DIST. BELIZE

CITY AND COUNTRY OF LAST RESIDENCE
BELIZE CITY, BELIZE

MARITAL STATUS ☐ M ☐ S ☐ W ☐ D ☐ SEP

MOTHER'S FIRST NAME
TIMOTHEA

FATHER'S FIRST NAME
RENNIE

INELIGIBILITY FOR VISA WAIVED UNDER SECTION
☐ 212(a)   ☐ 212(h)
☐ 212(g)   ☐ 212(i)

MO-DAY-YR OF BIRTH
███ 77

NATIONALITY
BELIZEAN

FINAL ADDRESS IN THE UNITED STATES

STREET ADDRESS, INCLUDE—IN CARE OF & APT# IF APPLICABLE
P.O. BOX 37174

CITY, STATE, AND ZIP CODE, IF AVAILABLE
LOS ANGELES, CALIFORNIA   90037

SEX M ☑ F ☐

OCCUPATION
MINOR

SEC. 212(a)(14)
LABOR CERTIFICATION ☑ NOT APPLICABLE ☐ NOT REQUIRED ☐ ATTACHED

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

## IMMIGRANT CLASSIFICATION

CLASSIFICATION SYMBOL
FX-2

FOREIGN STATE/OTHER AREA LIMITATION
BLZ NUM LIM

AMERICAN EMBASSY

AT BELIZE CITY, BELIZE

*David D. Reimer (signature)*
DAVID D. REIMER
Consular Officer of the United States of America

IMMIGRANT VISA NO.
X X X

ISSUED ON
(Day) 7th  (Month) JULY  (Year) 1992

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF
(Day) 6th  (Month) NOV.  (Year) 1992

BELIZEAN   PASSPORT
NO.
098544

OR OTHER TRAVEL DOCUMENTS (Describe)

ISSUED TO

BY

ON

EXPIRES

IV- ████,414

Tariff No: 21
Fee Paid $30X
Local Cy. Equiv.
$30.00  $60.00

ACTION OF I.J.

ACTION ON APPEAL

U.S.P.H.S.

AMENDED COMPLAINT - 27                    REDACTED



OMB Clearance No. 1545-1065
Expires 8-31-91

...t of the Treasury — Internal Revenue Service

...al Questions to be Completed by All Applicants
...or Permanent Residence in the United States

...es to the following questions will be provided to the Internal Revenue Service pursuant to Section 6039E of the Internal
...de of 1986. Use of this information is limited to that needed for tax administration purposes. Failure to provide this information
...ult in a $500 penalty unless failure is due to reasonable cause.

...ame (Last — Surname — Family)　　(First — Given)　　(Middle Initial)

CASTILLO　　Renison　　Vern　　116912

**Taxpayer Identification Number**
Enter your Social Security Number (SSN) if you have one. If you do not
have an SSN but have used a Taxpayer Identification Number issued to you by the
Internal Revenue Service, enter that number. Otherwise, write "NONE" in the
space provided; i.e., "∟∟∟∟ N,O,N,E,".

| | Mark appropriate column |
| --- | --- |
| | Yes | No |
| | | X |
| 1. Are you self-employed?<br>Mark "yes" if you own and actively operate a business in which you share in the profits other than as an investor. | | |
| 2. Have you been in the United States for 183 days or more during any one of the three calendar<br>years immediately preceding the current calendar year?<br>Mark "yes" if you spent 183 days or more (not necessarily consecutive) in the United States during any one of<br>the three prior calendar years whether or not you worked in the United States. | X | |
| 3. During the last three years did you receive income from sources in the United States?<br>Mark "yes" if you received income paid by individuals or institutions located in the United States.<br>Income includes, but is not limited to, compensation for services provided by you, interest, dividends,<br>rents, and royalties. | X | |
| 4. Did you file a United States Individual Income Tax Return (Forms 1040, 1040A, 1040EZ<br>or 1040NR) in any of the last three years? | | X |

If you answered yes to question 4, for which tax year was the last return filed? . . . . . . . . . . . . . . . . . . 19 Non

Filing Re...

None (School sponsored part-time work study yeilded income below

In 1990

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to
insure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give
this information.

Remarks

312

FORM APPROVED
O.M.B. No. 1405-0015

... .00 (English) (Rev. 6-82)

## APPLICATION FOR IMMIGRANT VISA AND ALIEN REGISTRATION

**INSTRUCTIONS:** This form must be filled out in DUPLICATE by typewriter, or if by hand in legible block letters. All questions must be answered. If applicable. Questions which are not applicable should be so marked. *If there is insufficient room on the form, answer on separate sheets, in duplicate, using the same numbers as appear on the form.* Attach the sheets to the forms. DO NOT SIGN this form until instructed to do so by the consular officer. The fee for filing this application for an immigrant visa is $25.00. The fee should be paid in United States dollars or local currency equivalent by bank draft, when you appear before the consular officer.

**WARNING:** Any false statement or concealment of a material fact may result in your permanent exclusion from the United States. Even though you should be admitted to the United States, a fraudulent entry could be grounds for your prosecution and/or deportation.

| | | |
|---|---|---|
| 1. Family name | First name | Middle name |
| CASTILLO | Renison | Vern |

2. Other names used or by which known *(If married woman, give maiden name)*

None

3. Full name in native alphabet *(If Roman letters not used)*

Not Applicable

| 4. Date of birth (Day) (Month) (Year) 1977 | 5. Age 14 yrs | 6. Place of birth (City or town) Seine Bight Vill., (Province) Stann Creek Dist., (Country) BELIZE |
|---|---|---|

| | |
|---|---|
| 7. Nationality Belizean | 8. Sex ☒ Male ☐ Female |

9. Marital status
☒ Single (never married) ☐ Married ☐ Widowed ☐ Divorced ☐ Separated
Including my present marriage, I have been married ............................... times.

10. Occupation

(Child)

11. Present address 38 Kulburn Lane Residence 132 East 35th St. #5
mailing P.O. Box 37174 Belize City Los Angeles, Ca 90011
Los Angeles, CA 90037

12. Name, address, date and place of birth of wife/husband *(Give maiden name of wife)*

Not Applicable

Date and place of marriage

13. Names, addresses, dates and places of birth of all children

None (Not Applicable)

| 14. Person(s) named in 12 and 13 who will accompany or follow me to the United States Not Applicable | 15. Final address in the United States mailing → P.O. BOX 37174 Los Angeles, Ca 90037 | Residence → 132 East 35½ St Los Angeles, Ca 90 |
|---|---|---|

| 16. Person you intend to join *(Give name, address, and relationship, if any)* Timothea (Timotea) Martinez Castillo (mother) 132 East 35th St #5 P.O. Box 37174 Los Angeles, Ca 90011 Los Angeles, Ca 90037 | 17. Name and address of sponsoring person or organization *(If different from 16)* Same as in item #16 |
|---|---|

| 18. Personal description (a) Color of hair Black (b) Color of eyes Brown | (c) Height 4 feet 2 inches (d) Complexion Dark Brown | 19. Marks of identification None 20. Purpose in going to the United States To Reside with Parents |
|---|---|---|

| 21. Length of intended stay *(If permanently, so state)* Permanently | 22. Intended port of entry LAX | 23. Do you have a ticket to final destination? Yes |
|---|---|---|

313

THIS FORM MAY BE OBTAINED GRATIS AT CONSULAR OFFICES OF THE UNITED STATES OF AMERICA

Previous edition not usable

REDACTED

**24. Personal financial resources**

(a) Cash  *US. $500.∞*

(b) Bank deposits  *$2,000.∞ +*

(c) Real estate (value)  *None*

(d) Other (describe)  *Personal Property (Reasonable value $30,000.∞ approx.)*

**25. Father's name, address, date and place of birth** *(If deceased, so state giving year of death)*

*Rennie Castillo, DOB: ████ 50, / POB: Seine Bight Vill. Stann Creek Dist. BELIZE*
*195 East 35th Street #5, L.A.*

**26. Mother's maiden name, address, and date and place of birth** *(If deceased, so state giving year of death)*

*Timothea aka Timotea Martinez*
*135 E. 35th Street #5, L.A. 90011*     *Box 37174, Los Angeles, Ca 90037*

**27. Name, address, and relationship of next of kin in home country** *(If neither parent is living)*

*Both Parents Alive*

**28. List all places of residence for 6 months or more since your 16th birthday**

| City or town | Province | Country | Dates (From-To) | Calling or occupation |
|---|---|---|---|---|
| *NOT Applicable* | | | | |

**29. List all organizations you are now or have been a member of or affiliated with since your 16th birthday** *(Include professional, vocational, social, and political organizations)*

| Name and address | Dates (From-To) | Type of membership and office held, if any |
|---|---|---|
| *NONE* | | |

**30. List all languages, including your own, that you can speak, read, and write**

| Language | Speak | Read | Write |
|---|---|---|---|
| *English* | *Yes* | *Yes* | *Yes* |
| *Garifuna* | *Yes* | *NO* | *NO* |

**31. Inclusive dates of previous residence in or visits to the United States** *(Give type of visa or status) (If never, so state)*

*1985/82 I don't know*     Yes ☐  No ☒

**32.** Have you ever been treated in a hospital, institution, or elsewhere for a mental disorder, drug addiction, or alcoholism? *(If answer is Yes, explain)*     Yes ☐  No ☒

**33.** Have you ever been arrested, convicted, or confined in a prison, or have you ever been placed in a poorhouse or other charitable institution? *(If answer is Yes, explain)*     Yes ☐  No ☒

**34.** Have you ever been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency, or similar action? *(If answer is Yes, explain)*     Yes ☐  No ☒

**35.** Have you ever applied for a visa to enter the United States? *(If answer is Yes, state where and when, whether you applied for a nonimmigrant or an immigrant visa, and whether the visa was issued or refused)*

*Approx. July 83 – Belize City – Denied*     Yes ☒  No ☐

**36.** Have you been refused admission to the United States during the last 12 months? *(If answer is Yes, explain)*     Yes ☐  No ☒

**37.** Have you ever registered with a draft board under United States Selective Service Laws? *(If answer is Yes, explain)*     Yes ☐  No ☒

**38.** Have you ever applied for relief from training and service in the United States Armed Forces or departed from or remained outside the United States to avoid or evade military service? *(If answer is Yes, explain)*     Yes ☐  No ☒

Do you intend to enter the United States from Canada, Mexico, or an island adjacent to the United States ... 2 years after arrival in Canada, Mexico, or such adjacent island? *(If answer is Yes, give the name of ... company by which you entered or intend to enter Canada, Mexico, or such island)*     Yes ☐  No ☒

314

REDACTED

(Rev. 6-82)

38. Have you ever applied for... 11 years after arrival in Canada... or remained outside the United... ...poration company by which you... ...is Yes.

Do you intend to enter the United... ...to receive a visa.

...verning the issuance of visas require each applicant to state whether or not he or she is a member of any class of individuals ...mission into the United States. The excludable classes are described below. You should read carefully the following paragraphs; ...anding of their content and the answers you give the questions that follow will assist the consular officer to reach a decision on your

**EXCEPT AS OTHERWISE PROVIDED BY LAW, ALIENS WITHIN ANY OF THE FOLLOWING CLASSES ARE INELIGIBLE TO RECEIVE AN IMMIGRANT VISA:**

(a) Aliens who are mentally retarded, insane, or who have suffered one or more attacks of insanity; aliens afflicted with psychopathic person-ality, sexual deviation, a mental defect, narcotic drug addiction, chronic alcoholism, or any dangerous contagious disease; aliens who have a physical defect, disease, or disability affecting their ability to earn a living; aliens who are paupers, professional beggars, or vagrants; aliens con-victed of a crime involving moral turpitude or who admit committing the essential elements of such a crime, or who have been sentenced to con-finement for at least 5 years in the aggregate for conviction of two or more crimes; aliens who are polygamists, or who practice or advocate polygamy; aliens who are prostitutes, or who have engaged in, benefited financially from, procured, or imported persons for the purpose of prostitution, or who seek entry to the United States to engage in prostitution or other commercialized vice, or any immoral sexual act; aliens who seek entry to perform skilled or unskilled labor and who have not been certified by the Secretary of Labor; and aliens likely to become a public charge in the United States.

Do any of the foregoing classes apply to you?   Yes ☐   No ☒   (If answer is Yes, explain)

(b) Aliens who seek re-entry within 1 year of their exclusion from the United States, or who, within the past 5 years, have been arrested and deported from the United States, or removed at Government expense in lieu of deportation, or removed as an alien in distress or as an alien enemy; aliens who procure or attempt to procure a visa or other documentation by fraud or willful misrepresentation; aliens who are not eligible to acquire United States citizenship, or who have departed from or remained outside the United States to avoid United States military service in time of war or national emergency; aliens who have been convicted of violating or for conspiring to violate certain laws or regulations relating to narcotic drugs or marihuana, or who are known or believed to be, or to have been, an illicit trafficker in narcotic drugs or marihuana; aliens seeking entry from foreign contiguous territory or adjacent islands within 2 years of their arrival therein on a non-signatory carrier; aliens who are unable to read and understand some language or dialect; aliens who, knowingly and for gain, have encouraged or assisted any other alien to enter, or attempt to enter, the United States in violation of law; aliens who are former exchange visitors who have not fulfilled the 2-year foreign residence requirement; and aliens who are graduates of foreign medical schools destined to the United States to perform medical services are ineligible for a visa unless they have passed parts I and II of the NBME Exam or an equivalent exam as determined by the Department of Health and Human Services.

Do any of the foregoing classes apply to you?   Yes ☐   No ☒   (If answer is Yes, explain)

(c) Aliens who are, or at any time have been, anarchists, or members of or affiliated with any Communist or other totalitarian party, including any subdivision or affiliate thereof; aliens who advocate or teach, or who have advocated or taught, either by personal utterance, or by means of any written or printed matter, or through affiliation with an organization, (1) opposition to organized government, (2) the overthrow of govern-ment by force and violence, (3) the assaulting or killing of government officials because of their official character, (4) the unlawful destruction of property, (5) sabotage, or (6) the doctrines of world communism, or the establishment of a totalitarian dictatorship in the United States; aliens who seek to enter the United States to engage in prejudicial activities or unlawful activities of a subversive nature.

Do any of the foregoing classes apply to you?   Yes ☐   No ☒   (If answer is Yes, explain)

(d) Aliens who during the period beginning on March 23, 1933, and ending on May 8, 1945, under the control, direct or indirect, of the Nazi Government of Germany, or of the government of any area occupied by, or allied with, the Nazi Government of Germany, ordered, incited, assisted, or otherwise participated in the persecution of any person because of race, religion, national origin, or political opinion.

Does the foregoing class apply to you?   Yes ☐   No ☒   (If answer is Yes, explain)

41. Were you assisted in completing this application? (If answer is Yes, give name and address of person assisting you indicating whether relative, friend, travel agent, attorney, or other)   Yes ☒   No ☐

| Name | Address | Relationship |
|------|---------|--------------|
| *Benjamin E. Palacio* | B & L ASSOCIATES 5301 S. Vermont Ave. Los Angeles, Ca. 90037 | *Certified Paralegal* 15 |

OPTIONAL FORM 230 (English) (Rev. 6-82)

42. The following documents are submitted in support of this application:

- ☒ Passport
- ☒ Birth certificate
- ☐ Police certificate(s)
- ☐ Marriage certificate
- ☐ Death certificate
- ☐ Divorce decree
- ☐ Military record

- ☐ Evidence of own assets
- ☒ Affidavit of support
- ☐ Offer of employment
- ☒ Medical record(s)
- ☒ Photographs
- ☐ Other (describe)
- ☐ Birth certificate of spouse

☐ Birth certificates of unmarried children under age 21 who will not be immigrating at this time (List those for whom birth certificates are not available or whose birth certificates are being submitted at this time in connection with a visa application.)

## DO NOT WRITE BELOW THE FOLLOWING LINE
The consular officer will assist you in answering parts 43 and 44

43. I claim to be exempt from ineligibility to receive a visa and exclusion under item ............... in part 40 for the following reasons:
212(a)(14)      Beneficiary of Waiver under
- ☒ Not applicable
- ☐ Attached

- ☐ 212(a)(28)(I)(i)
- ☐ 212(a)(28)(I)(ii)
- ☐ 212(b)(1)
- ☐ 212(b)(2)

- ☐ 212(e)
- ☐ 212(g)
- ☐ 212(h)
- ☐ 212(i)

44. I claim to be a
- ☒ Family second ............... preference immigrant subject to the numerical limitation for ............... Belize (Foreign state or dependent area)
- ☐ Special immigrant not subject to limitation
- ☐ Immediate relative of a United States citizen

My claim is based on the following facts:
- ☒ I am (my ............... is) the beneficiary of a Family second ............... petition. *preference*
- ☐ I am a returning resident alien.
- ☐ I derive foreign state chargeability under Section 202(b) through my ...............
- ☐ Other (specify)

I understand that I am required to surrender my visa to the United States Immigration Officer at the place where I apply to enter the United States, and that the possession of a visa does not entitle me to enter the United States if at that time I am found to be inadmissible under the immigration laws.

I understand that any willfully false or misleading statement or willful concealment of a material fact made by me herein may subject me to permanent exclusion from the United States and, if I am admitted into the United States, may subject me to criminal prosecution and/or deportation.

I, the undersigned applicant for a United States immigrant visa, do solemnly swear (or affirm) that all statements which appear in this application have been made by me, including the answers to parts 32 through 41 inclusive, and are true and complete to the best of my knowledge and belief. I do further swear (or affirm) that, if admitted into the United States, I will not engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States; in activities which would be prohibited by the laws of the United States relating to espionage, sabotage, public disorder, or in other activities subversive to the national security; in any activity a purpose of which is the opposition to, or the control, or overthrow of, the Government of the United States, by force, violence, or other unconstitutional means.

I understand all the foregoing statements, having asked for and obtained an explanation on every point which was not clear to me.

X *Rennison Castillo*
(Signature of Applicant)

The relationships claimed in items 12 and 13 verified by documentation submitted to consular officer except as noted:

Subscribed and sworn to before me this 29th day of June 1992 at Belize City, Belize

(Consular Officer)

Section of Law:
201 (b) spouse
201 (b) child
201 (b) parent
203

G-28 of Voing #

DO NOT WRITE
Action Star
(INS)

★ U.S. GPO:1989-241-175/90030

316

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 32

Subscribed and sworn to before me on

OMB #1115-0054

**Petition for Alien Relative**

vice (INS)

### DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE ONLY

| Action Stamp | Fee Stamp |
|---|---|

G-28 or Volag

Section of Law:
- ☒ 201 (b) spouse- ☐ 203 (a)(1)
- ☒ 201 (b) child ☒ 203 (a)(2)
- ☐ 201 (b) parent ☐ 203 (a)(4)
- ☐ 203 (a)(5)

(a)(k)(2)
(b)(7)

AM CON. *Belize*

Remarks:

EMBASSY OF THE
UNITED STATES OF AMERICA
-5 SEP 1990
BELIZE CITY BELIZE

Petition was filed on: 7-10-90     (priority date)
- ☐ Personal Interview        ☐ Previously Forwarded
- ☐ Pet ☐ Ben "A" File Reviewed ☐ Stateside Criteria
- ☐ Field Investigations      ☐ I-485 Simultaneously
- ☐ 204 (a)(2)(A) Resolved    ☐ 204 (h) Resolved

### A. Relationship

1. The alien relative is my
- ☐ Husband/Wife ☐ Parent ☐ Brother/Sister ☒ Child

2. Are you related by adoption?
- ☐ Yes ☒ No

3. Did you gain permanent residence through adoption?
- ☐ Yes ☒ No

### B. Information about you

1. Name (Family name in CAPS) (First) (Middle)
CASTILLO  Timotea  Lalita

2. Address (Number and Street) (Apartment Number)
5301 S. Vermont Ave
(Town or City) (State/Country) (ZIP/Postal Code)
Los Angeles, CA  90037

3. Place of Birth (Town or City) (State/Country)
Seine Bight Village, Stann Creek Dist. Belize

4. Date of Birth (Mo/Day/Yr)  _____ 52
5. Sex ☐ Male ☒ Female
6. Marital Status ☒ Married ☐ Single ☐ Widowed ☐ Divorced

7. Other Names Used (including maiden name)
Timotea Lalita Martinez (Timothea)

8. Date and Place of Present Marriage (if married)
03/23/77 Belize City, Belize

9. Social Security Number
_____ 7465
10. Alien Registration Number (if any)
_____ 5152

11. Names of Prior Husbands/Wives
NONE
12. Date(s) Marriages(s) Ended
N/A

13. If you are a U.S. citizen, complete the following:
My citizenship was acquired through (check one)
- ☐ Birth in the U.S.
- ☐ Naturalization (Give number of certificate, date and place it was issued)
N/A
- ☐ Parents
Have you obtained a certificate of citizenship in your own name?
- ☐ Yes ☐ No
If "Yes", give number of certificate, date and place it was issued

14a. If you are a lawful permanent resident alien, complete the following:
Date and place of admission for, or adjustment to, lawful permanent residence, and class of admission:
6/90 Los Angeles, W16
14b. Did you gain permanent resident status through marriage to a United States citizen or lawful permanent resident? ☐ Yes ☒ No

### C. Information about your alien relative

1. Name (Family name in CAPS) (First) (Middle)
CASTILLO, Renison  Vern

2. Address (Number and Street) (Apartment Number)
5301 S. Vermont Ave
(Town or City) (State/Country) (ZIP/Postal Code)
Los Angeles, Ca  90037

3. Place of Birth (Town or City) (State/Country)
Seine Bight Village, Stann Creek dist. Belize

4. Date of Birth (Mo/Day/Yr) _____ 77
5. Sex ☒ Male ☐ Female
6. Marital Status ☐ Married ☒ Single ☐ Widowed ☐ Divorced

7. Other Names Used (including maiden name)
NONE

8. Date and Place of Present Marriage (if married)
N/A

9. Social Security Number _____ 1692
10. Alien Registration Number (if any)
A _____ 9541

11. Names of Prior Husbands/Wives
N/A
12. Date(s) Marriages(s) Ended
N/A

13. Has your relative ever been in the U.S.?
- ☒ Yes ☐ No

14. If your relative is currently in the U.S., complete the following: He or she last arrived as a (visitor, student, stowaway, without inspection, etc.)
E WI
Arrival/Departure Record (I-94) Number      Date arrived (Month/Day/Year)
Date authorized stay expired, or will expire, as shown on Form I-94 or I-95
N/A

15. Name and address of present employer (if any)
N/A
Date this employment began (Month/Day/Year)
N/A

16. Has your relative ever been under immigration proceedings?
- ☐ Yes ☒ No  Where _____ When _____
- ☐ Exclusion ☐ Deportation ☐ Recission ☐ Judicial Proceedings

| INITIAL RECEIPT | RESUBMITTED | RELOCATED | | COMPLETED 317 |
|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| 10 JUL | | | | | | |

(a)(k)(2)  (b)(7)(c)

REDACTED

## C. (continued) Information about your alien relative

16. List husband/wife and all children of your relative (if your relative is your husband/wife, list only his or her children).

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|

*None*

17. **Address in the United States where your relative intends to live**

(Number and Street) _132 E. 35th Street, Los Angeles,_ (Town or City) (State) _CA._

18. **Your relative's address abroad** (Number and Street) _N/A_ (Town or City) (Province) (Country) (Phone Number)

19. If your relative's native alphabet is other than Roman letters, write his or her name and address abroad in the native alphabet:

(Name) _N/A_ (Number and Street) (Town or City) (Province) (Country)

20. If filing for your husband/wife, give last address at which you both lived together:

(Name) _N/A_ (Number and Street) (Town or City) (Province) (Country) From (Month) (Year) To (Month) (Year)

21. Check the appropriate box below and give the information required for the box you checked:

☐ Your relative will apply for a visa abroad at the American Consulate in _____ (City) _____ (Country)

☒ Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at _Los Angeles,_ (City) _CA_ (State) If your relative is not eligible for adjustment of status, he or she will

apply for a visa abroad at the American Consulate in _Belize City,_ (City) _Belize_ (Country)

(Designation of a consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that consulate. Acceptance is at the discretion of the designated consulate.)

## D. Other Information

1. If separate petitions are also being submitted for other relatives, give names of each and relationship.

2. Have you ever filed a petition for this or any other alien before? ☐ Yes ☒ No
If "Yes," give name, place and date of filing, and result.

**Warning:** The INS investigates claimed relationships and verifies the validity of documents. The INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

**Penalties:** You may, by law be imprisoned for not more than five years, or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws and you may be fined up to $10,000 or imprisoned up to five years or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

(Signature) _Timotea Castillo_ Date _07/09/90_ Phone Number _(213) 233-2275_

**Signature of Person Preparing Form if Other than Above**

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

(Address) _B & I ASSOCIATES LEGALIZATION_
_1301 So. Vermont Ave._
_Los Angeles, CA 90037_
_(213) 758-8521_

(Signature) _Benjamin Saber_ (Date) _07/09/90_

G-28 ID Number _____

Volag Number _____

318

OMB No. 1115-0062

**Affidavit of Support**

Signature of Person Preparing
(I declare that I prepared this document
& I ASSOCIATES LEGALIZATION
801 So. Vermont Ave.
Los Angeles, CA 90037
(213) 738-8521
...tion Service

(FOR ALL ITEMS: FILL IN WITH TYPEWRITER OR PRINT IN BLOCK LETTERS IN INK.)

I, MAUDE LOPEZ residing at 9623 So. San Pedro St. #3
(Name) (Street and Number)

Los Angeles California 90003 U.S.A.
(City) (State) (ZIP Code if in U.S.) (Country)

**BEING DULY SWORN DEPOSE AND SAY:**

1. I was born on ~~[redacted]~~ 1941 at Seine Bight Village, Stann Creek Dist. BELIZE
   (date) (City) (Country)

   If you are *not* a native born United States citizen, answer the following as appropriate:
   a. If a United States citizen through naturalization, give certificate of naturalization number ___
   b. If a United States citizen through parent(s) or marriage, give citizenship certificate number ___
   c. If United States citizenship was derived by some other method, attach a statement of explanation.
   d. If a lawfully admitted permanent resident of the United States, give "A" number A [redacted] 3817

   If United States citizenship was derived by some other method, attach a statement of explanation.
   If a lawfully admitted permanent resident of the United States since (date) July 1980

2. That I am 51 years of age and have resided in the United States since (date) July 1980
3. That this affidavit is executed in behalf of the following person:

| | | Sex | Age |
|---|---|---|---|
| Name Renison Vern Castillo | | F | 14 yrs |
| Citizen of—(Country) BELIZE | Marital Status Single (child) | Relationship to Deponent Aunt/God-mother | |
| Presently resides at—(Street and Number) 38 Gabourel Lane, BeLize City, BELIZE Dist. BELIZE | (City) | (State) | (Country) |

Name of spouse and children accompanying or following to join person:

| | Sex | Age | Child | | Sex | Age |
|---|---|---|---|---|---|---|
| Spouse None (minor) | | | Child | | | |
| Child | Sex | Age | Child | | Sex | Age |
| Child | Sex | Age | Child | | | |

4. That this affidavit is made by me for the purpose of assuring the United States Government that the person(s) named in item 3 will not become a public charge in the United States.
5. That I am willing and able to receive, maintain and support the person(s) named in item 3. That I am ready and willing to deposit a bond, if necessary, to guarantee that such person(s) will not become a public charge during his or her stay in the United States, or to guarantee that the above named will maintain his or her nonimmigrant status if admitted temporarily and will depart prior to the expiration of his or her authorized stay in the United States.
6. That I understand this affidavit will be binding upon me for a period of three (3) years after entry of the person(s) named in item 3 and that the information and documentation provided by me may be made available to the Secretary of Health and Human Services and the Secretary of Agriculture, who may make it available to a public assistance agency.
7. That I am employed as, or engaged in the business of Education with St. Odilla Sch
   (Type of Business) (Name of concern)
   at 9623 S. Hooper Ave, Los Angeles, CA 90011-4897
   (Street and Number) (City) (State) (Zip Code)

   I derive an annual income of (if self-employed, I have attached a copy of my last income tax return or report of commercial rating concern which I certify to be true and correct to the best of my knowledge and belief. See instruction for nature of evidence of net worth to be submitted.)

   $16,758.40

   I have on deposit in savings banks in the United States $1,500.00

   I have other personal property, the reasonable value of which is $30,000.00 319

   OVER

REDACTED

I have stocks and bonds with the following market value, as indicated on the attached list
which I certify to be true and correct to the best of my knowledge and belief.                    $ ___
I have life insurance in the sum of                                                               $ ___
With a cash surrender value of                                                                    $ ___
I own real estate valued at                                                                       $ ___
    With mortgages or other encumbrances thereon amounting to $ _____ N/A _____

Which is located at _____ N/A _____

| (Street and Number) | (City) | (State) | (Zip Code) |

8. That the following persons are dependent upon me for support: *(Place an "X" in the appropriate column to indicate whether
   the person named is wholly or partially dependent upon you for support.)*

| Name of Person | Wholly Dependent | Partially Dependent | Age | Relationship to Me |
|---|---|---|---|---|
| *None* | | | | |
| | | | | |
| | | | | |

9. That I have previously submitted affidavit(s) of support for the following person(s). If none, state "None"

| Name | Date submitted |
|---|---|
| *None* | |

10. That I have submitted visa petition(s) to the Immigration and Naturalization Service on behalf of the following person(s). If
    none, state none.

| Name | Relationship | Date submitted |
|---|---|---|
| *None* | | |

11. *(Complete this block only if the person named in item 3 will be in the United States temporarily.)*
    That I ☐ do intend   ☐ do not  intend, to make specific contributions to the support of the person named in item 3. (*If you
    check "do intend", indicate the exact nature and duration of the contributions. For example, if you intend to furnish room and
    board, state for how long and, if money, state the amount in United States dollars and state whether it is to be given in a lump
    sum, weekly, or monthly, or for how long.*)

    _____

    _____

### OATH OR AFFIRMATION OF DEPONENT

*I acknowledge at that I have read Part III of the Instructions, Sponsor and Alien Liability, and am aware of my responsibilities as
an immigrant sponsor under the Social Security Act, as amended, and the Food Stamp Act, as amended.*

*I swear (affirm) that I know the contents of this affidavit signed by me and the statements are true and correct.*

Signature of deponent ✗ _Manuela Lopez_

Subscribed and sworn to (affirmed) before me this _1st_ day of _JULY_ ____ 19_92_

_LOS ANGELES_ _____  My commission expires on _October 22, 1993_

Administering Oath _Benjamin E. Palacio_  Title _NOTARY Public_

_____ deponent, please complete the following: I declare that this document was prepared by me at the ___
_____ on all information of which I have knowledge

OFFICIAL SEAL
BENJAMIN E. PALACIO

320

**Affidavit of Support**

(ER ALL ITEMS: FILL IN WITH TYPEWRITER OR PRINT IN BLOCK LETTERS IN INK.)

Timotea Castillo residing at 132 East 35th Street #5
(Name)                                        (Street and Number)

Los Angeles,          Ca          90011          U.S.A
(City)                (State)      (ZIP Code if in U.S.)  (Country)

**BEING DULY SWORN DEPOSE AND SAY:**  at Seine Bight Vill, Stann Creek Dist, BELIZE
                                              (City)                    (Country)

1. I was born on _____ /52 at Seine Bight Vill, Stann Creek Dist, BELIZE
                    (Date)          (City)                    (Country)

If you are *not* a native born United States citizen, answer the following as appropriate:

   a. If a United States citizen through naturalization, give certificate of naturalization number _____
   b. If a United States citizen through parent(s) or marriage, give citizenship certificate number _____
   c. If United States citizenship was derived by some other method, attach a statement of explanation.
   d. If a lawfully admitted permanent resident of the United States, give "A" number _____ 5,152

   d. If a lawfully admitted permanent resident of the United States since (date) 12/31/78

2. That I am 40 years of age and have resided in the United States since (date) 12/31/78
3. That this affidavit is executed in behalf of the following person:

| | Sex | Age |
|---|---|---|
| | m | 14 yrs |

Name Renison Vern Castillo        Marital Status Single    Relationship to Deponent SON
(Citizen of—Country) Belize                                 (State)              (Country)
                      (City)

Presently resides at—(Street and Number) BELIZE ... U.S.A
132 East 35th Street #5, Los Angeles, California

Name of spouse and children accompanying or following to join person:

| | Sex | Age | Child | | Sex | Age |
|---|---|---|---|---|---|---|
| Spouse None | | | | | | |
| Child None | Sex | Age | Child | | Sex | Age |
| Child | Sex | Age | Child | | Sex | Age |

4. That this affidavit is made by me for the purpose of assuring the United States Government that the person(s) named in item 3 will not become a public charge in the United States.

5. That I am willing and able to receive, maintain and support the person(s) named in item 3. That I am ready and willing to deposit a bond, if necessary, to guarantee that such person(s) will not become a public charge during his or her stay in the United States, or to guarantee that the above named will maintain his or her nonimmigrant status if admitted temporarily and will depart prior to the expiration of his or her authorized stay in the United States.

6. That I understand this affidavit will be binding upon me for a period of three (3) years after entry of the person(s) named in item 3 and that the information and documentation provided by me may be made available to the Secretary of Health and Human Services and the Secretary of Agriculture, who may make it available to a public assistance agency.

7. That I am employed as, or engaged in the business of Private Duty Nursing with Varied (Various
                                                         (Type of Business)              (Name of concern)
                                                                                          Private Ho__

   at Referral through Agency: Aides IN ACTION 3535 Wilshire Blvd. Los Ang
      (Street and Number)                  (City)              (State)        (Zip Code)

   I derive an annual income of (if self-employed, I have attached a copy of my last income tax return or report of commercial rating concern which I certify to be true and correct to the best of my knowledge and belief. See instruction for nature of evidence of net worth to be submitted.)

   I have on deposit in savings banks in the United States

   I have other personal property, the reasonable value of which is

   $6,400 00
   $2,900 00
   $30,000 00

   321

   OVER

Form I-134 (Rev. 12-1-84) Y

I have stocks and bonds with the following market value, as indicated ... attached list
which I certify to be true and correct to the best of my knowledge and ... $ _____

I have life insurance in the sum of $ _____
With a cash surrender value of $ _____
I own real estate valued at $ _____
 With mortgages or other encumbrances thereon amounting to $ .... $ N 7Q

Which is located at _____ N/A _____
       (Street and Number)    (City)    (State)    (Zip Code)

8. That the following persons are dependent upon me for support: *(Place ... in the appropriate ... umn to indicate whether the person named is **wholly or partially** dependent upon you for support*

| Name of Person | Wholly Dependent | Partially Dependent | | Relationship to Me |
|---|---|---|---|---|
| Renison V. Castillo | ✓ | | | Son |
| Preston T. Castillo | ✓ | | | Son |
| Emerson S. Castillo | ✓ | | | Son |

9. That I have previously submitted affidavit(s) of support for the following person(s). If none, state "**None**"

Name                Date submitted

None

10. That I have submitted visa petition(s) to the Immigration and Naturaliza ... ervice on behalf o ... e following person(s). If none, state none.

Name         Rel ... ip        Date submitted

NONE

11. (**Complete this block only if the person named in item 3 will be in the United States temporarily.**)
That I ☐ do intend  ☐ do not  intend, to make specific contributions to the support of the person named in item 3. (*If you check "do intend", indicate the exact nature and duration of the contribution. For example, if you intend to furnish room and board, state for how long and, if money, state the amount in United States dollars and state whether it is to be given in a lump sum, weekly, or monthly, or for how long.)*

### OATH OR AFFIRMATION OF DEPONENT

*I acknowledge at that I have read Part III of the Instructions, Sponsor and Alien liability, and am aware of my responsibilities as an immigrant sponsor under the Social Security Act, as amended, and the Food Stamp Act, as amended.*

*I swear (affirm) that I know the contents of this affidavit signed by me and the statements are true and correct.*

Signature of deponent  *Timotea Castillo*

Subscribed and sworn to (affirmed) before me this 22nd day of  *June*  , 19 92

*Los Angeles*  My commission expires on *October 22, 1993*

... er Administering Oath  *Benjamin E. Palacio*  Title NOTARY Public

... ther than deponent, please complete the following: I declare that this document was prepared by me at the ... based on all information of which I have knowledge

OFFICIAL SEAL
BENJAMIN E. PALACIO
NOTARY PUBLIC CALIFORNIA
PRINCIPAL OFFICE IN

322
6/22/92

... S Vermont Ave.
... (Address)

*Subscribed and ... officer Administration other than is listed on ...*



# SECURITY PACIFIC NATIONAL BANK

BROADWAY & MANCHESTER OFFICE, 8564 SO. BROADWAY, LOS ANGELES, CALIFORNIA
TELEPHONE (213) 613-5527
MAILING ADDRESS: POST OFFICE BOX 73107, LOS ANGELES, CALIFORNIA 90003

June 20, 1992

Council General
U.S. A. Embassy
P.O. Box 286
Belize City, Belize

Dear Gentlemen:

Please be advised that Timoteal Castillo has a savings account
with our office. The account number is ███████743. This account
was opened 7-79, and has a current balance of $2936.91 as of
6-20-92.

The information above is given in confidence without liability
on the part of this bank. The information is based solely on
our direct experience with our customer. I hope this infor-
mation will be of some assistance to you.

Sincerely,

Kaye Daniels,
Asst. Manager

KD:bg

323

REDACTED



(3)

# BELIZE

## CERTIFIED COPY OF AN ENTRY IN A REGISTER OF BIRTHS FOR THE DISTRICT OF SEINE CREEK

| No. | Date & Place of Birth | Name (if any) | Sex | Name and Surname of Father | Name and Maiden Surname of Mother | Rank, Occupation and Address of Father, or, in Default of Father | Name, Description and Address of Informant | When Registered | Signature of Registrar | Name (if any) added after Registration |
|---|---|---|---|---|---|---|---|---|---|---|
| 388 | 1977 Seine Bight | Renison Vern | M | Ronnie Castillo 27 yrs | Timothea Martinez 25 yrs | Labourer | Mother Seine Bight Village | '77 ... '90 | R.E. Locke Dist. Registrar D.R.R. | --- |

CERTIFIED TO BE A TRUE COPY OF AN ENTRY IN A REGISTER OF BIRTHS FOR THE DISTRICT OF SEINE CREEK

Given at the Consul Registry Belize, Texas

3rd DAY OF April,

R.A. USHER
Asst. REGISTRAR GENERAL

324

REDACTED

## MEDICAL EXAMINATION OF APPLICANTS FOR UNITED STATES VISAS

...of the American Consul at

I certify that on the above date I examined

| | |
|---|---|
| PLACE | *Belize* |
| DATE OF EXAMINATION (Mo., Day, Yr.) | |
| CITY | *Belize* |
| COUNTRY | *Belize* |

| NAME (Last in CAPS) (First) (Middle) | DATE OF BIRTH (Mo., Day, Yr.) | SEX |
|---|---|---|
| *CASTILLO* *PENZON* *V* | *77* | ☐ F ☑ M |

WHO BEARS PASSPORT NO. ▇ ISSUED BY *Belize* ON *April 22, 92*

### GENERAL PHYSICAL EXAMINATION

I examined specifically for evidence of the conditions listed below. My examination revealed:

☑ No apparent defect, disease, or disability
☐ The conditions listed below were found  *(Check boxes that apply)*

#### CLASS A CONDITIONS  *(Give pertinent details under Remarks)*

☐ Chancroid
☐ Gonorrhea
☐ Granuloma Inguinale

☐ Hansen's Disease, Infectious
☐ Lymphogranuloma Venereum
☐ Syphilis, Infectious

☐ Tuberculosis, Active
☐ Human Immunodeficiency Virus (HIV) Infection

☐ Mental Retardation
☐ Insanity
☐ Sexual Deviation

☐ Previous Occurrence of One or More Attacks of Insanity
☐ Psychopathic Personality

☐ Mental Defect
☐ Narcotic Drug Addiction
☐ Chronic Alcoholism

#### CLASS B CONDITIONS

☐ Tuberculosis, Not Active
☐ Hansen's Disease, Not Infectious
☐ Other Physical Defect, Disease or Disability:

### EXAMINATION FOR TUBERCULOSIS

CHEST X-RAY REPORT

☐ Normal ☐ Abnormal ☑ Not Done

Describe findings:

DOCTOR'S NAME (Please print)          DATE READ

### TUBERCULIN SKIN TEST  (See USPHS Instructions)

☐ No reaction

☐ Reaction _____ mm

☑ Not Done

DOCTOR'S NAME (Please print)

DATE READ

### SEROLOGIC TEST FOR SYPHILIS

☐ Reactive Titer (Confirmatory test performed – indicate treatment under Remarks)

☐ Nonreactive
☑ Not Done

TEST TYPE:

DOCTOR'S NAME (Please print)          DATE READ

### SEROLOGIC TEST FOR HIV ANTIBODY

☐ Positive (Confirmed by Western Blot or equally reliable test)

☐ Negative
☑ Not Done

TEST TYPE:

DOCTOR'S NAME (Please print)          DATE READY

### OTHER SPECIAL REPORT(S)  (When needed)

DOCTOR'S NAME (Please print)

### REMARKS

### APPLICANT CERTIFICATION

I certify that I understand the purpose of the medical examination and I authorize the required tests to be completed. The information on this form refers to me.

*P. Pennison Castillo*
Signature          Date

| DOCTOR'S NAME (Please type or print clearly) | DOCTOR'S SIGNATURE | DATE |
|---|---|---|
| LUIS ESCALANTE M. D. P. O. BOX 999, PH. 45635 BELIZE CITY, BELIZE, C. A | | |

NSN 7540-00-634-9358

50167-103

U.S. GOVERNMENT PRINTING OFFICE : 1990 0 – 265-696

OPTIONAL FORM 155
REVISED 5-90
DEPT. OF STATE

REDACTED

# EXHIBIT E

U.S. Department of Justice
Immigration and Naturalization Service                    OMB 1115-0077

▬▬▬▬▬▬▬▬  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬  ▬▬▬▬▬▬

Admission No.


*Welcome to the United States*

023852795 02
A▬▬▬▬▬ 541

**I-94 Arrival/Departure Record - Instructions**

This form must be completed by all persons except U.S. Citizens, returning resident aliens, aliens with immigrant visas, and Canadian Citizens visiting or in transit.

Type or print legibly with pen in ALL CAPITAL LETTERS. Use English. Do not write on the back of this form.

This form is in two parts. Please complete both the Arrival Record (Items 1 through 13) and the Departure Record (Items 14 through 17).

When all items are completed, present this form to the U.S. Immigration and Naturalization Service Inspector.

Item 7 - If you are entering the United States by land, enter LAND in this space. If you are entering the United States by ship, enter SEA in this space.

Form I-94 (04-15-86)Y

Admission Number

023852795 02
A▬▬▬▬▬ 541

Immigration and
Naturalization Service
I-94
Arrival Record

| 1. Family Name |
|---|
| Castillo |

| 2. First (Given) Name | 3. Birth Date (Day/Mo/Yr) |
|---|---|
| Renison | ▬▬▬▬ 77 |

| 4. Country of Citizenship | 5. Sex (Male or Female) |
|---|---|
| Belize | Male |

| 6. Passport Number | 7. Airline and Flight Number |
|---|---|
| | |

| 8. Country Where You Live | 9. City Where You Boarded |
|---|---|
| | |

| 10. City Where Visa Was Issued | 11. Date Issued (Day/Mo/Yr) |
|---|---|
| | |

| 12. Address While in the United States (Number and Street) |
|---|
| |

| 13. City and State |
|---|
| |

Departure Number

023852795 02
A▬▬▬▬ 541

Immigration and
Naturalization Service
I-94
Departure Record

| 14. Family Name |
|---|
| |

| 15. First (Given) Name | 16. Birth Date (Day/Mo/Yr) |
|---|---|
| | |

| 17. Country of Citizenship |
|---|
| |

See Other Side                                        STAPLE HERE

307

PLAINTIFF'S FIRST                    **REDACTED**
AMENDED COMPLAINT - 43

**United States Department of Justice**

**Primary Inspection**

Applicant's
Name _____

Date
Referred _____ Time _____ Insp # ____

**Reason Referred**

☐ 212A  ☐ ☐   ☐ PP  ☐ Visa  ☐ Parole  ☐ SLB  ☐ TWOV

☐ Other _____

**Secondary Inspection**

End Secondary
Time _____ Insp. # _____

Disposition _____

_____ 19. Waivers _____

_____ 21. INS FCO _____

_____ 23. Program Number _____

_____ 25. ☐ Prospective Student

26. Itinerary / Comments
_____
_____
_____
_____

27. TWOV Ticket Number

|___|___|___|___|___|___|___|___|___|___|___|___|

Warning - A nonimmigrant who accepts unauthorized employment is subject to
deportation.
**Important** - Retain this permit in your possession; *you must surrender it when you
leave the U.S.* Failure to do so may delay your entry into the U.S. in the future
You are authorized to stay in the U.S. only until the date written on this form. To
remain past this date, without permission from immigration authorities, is a
violation of the law.
    ·  · · · · · · · · · · · · · ·
    - By sea or air, to the transportation line;
    - Across the Canadian border, to a Canadian Official;
    - Across the Mexican border, to a U.S. Official.
Students planning to reenter the U.S. within 30 days to return to the same school,
see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.
**Record of Changes**
_____
_____
_____

                                    **Departure Record**

Port:

Date:

Carrier:

Flight #/Ship Name:

308

STATE USAGE

SUBMISSION    APPROXIM.    AMPUTATION    SCAR

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

CASTILLO Renison Vern

SOCIAL SECURITY NO          LEAVE BLANK

SIGNATURE OF PERSON FINGERPRINTED

R. Renison-Castillo

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO | STATE IDENTIFICATION NO | DATE OF BIRTH  MM  DD  YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|--------|-------------------------|---------------------------|-----|------|--------|--------|------|------|
|        |                         | 77                        | M   | B    | 67"    | 210    | BRO  | BLK  |

309

REDACTED

# EXHIBIT F









(6)

REDACTED

# EXHIBIT G

```
*------------------------------------------------------------------------*
* RECORD OF MILITARY PROCESSING - ARMED FORCES OF THE UNITED STATES | Form Approved
*                                                                   | OMB No. 0704-0173
*   Before completing this form, read Privacy Act Statement, Warning, and Instructions. | Exp Date: Jun 30, 1991
```

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0173), Washington, DC 20503.

| A. SERVICE PROCESSING FOR | B. NO. DAYS PRIOR SERVICE (Complete (1),(2),or (3)) | (1) DIEUS (YYMMDD) | C. SELECTIVE SERVICE CLASSIFICATION | D. SELECTIVE SERVICE REGISTRATION NO. |
|---|---|---|---|---|
| DAR | X NONE  <365  >365 | (2) DIERP (YYMMDD) | | |
| | | (3) DIERC (YYMMDD) | | |

SECTION I - PERSONAL DATA

1. SOCIAL SECURITY NUMBER: [REDACTED]1692   2. NAME: CASTILLO RENNISON VERN   3. ALIASES: NONE

4. CURRENT ADDRESS (Street, City, County, State, Country, ZIP Code)
4222 WALL STREET
LOS ANGELES      CA  90011
LOS ANGELES  USA       06037

5. HOME OF RECORD ADDRESS (Street, City, County, State, Country, ZIP Code)
4222 WALL STREET
LOS ANGELES      CA  90011
LOS ANGELES  USA       06037

6. CITIZENSHIP (X one): NY
   _ a. U.S. AT BIRTH
       _ (1) NATIVE BORN
       _ (2) BORN ABROAD OF U.S. PARENT(S)
   _ b. U.S. NATURALIZED
   _ c. U.S. DERIVED THROUGH NATURALIZATION OF PARENT(S)
   _ d. U.S. NON-CITIZEN NATIONAL
   X e. IMMIGRANT ALIEN (Specify)
   X f. NON-IMMIGRANT FOREIGN NATIONAL (Specify)

7. SEX: M
   X a. MALE
   _ b. FEMALE

8. POPULATION GROUP: N
   _ a. WHITE
   X b. BLACK
   _ c. ASIAN
   _ d. AMERICAN INDIAN
   _ e. OTHER (Specify)

9. ETHNIC GROUP (Specify): Y NONE
10. MARITAL STATUS (Specify): S  SINGLE
11. NUMBER OF DEPENDENTS: 0

12. DATE OF BIRTH (YYMMDD): 77[REDACTED]
13. RELIGIOUS PREFERENCE (Optional): CATHOLIC
14. EDUCATION: 12L
15. PROFICIENT IN FOREIGN LANGUAGE: Y SPANISH

16. VALID DRIVERS LICENSE: Y (If yes, list state, number and exp date)
CA [REDACTED]  1999/09/23
17. PLACE OF BIRTH: (City, State and Country)
DANGRIGA      BELIZE

SECTION II - EXAMINATION AND ENTRANCE DATA PROCESSING CODES
For office use only - Do not write in this section - Go on to page 2, question 23

18. APTITUDE TEST RESULTS
a. TEST ID: 21A  b. TEST SCORES: GS  AR  WK  PC  NO  CS  AS  MK  MC  EI  VE
AFQT PERCENTILE: [REDACTED]

19. DEP ENLISTMENT DATA
a. DATE OF DEP ENL (YYMMDD) 96/09/04  b. PROJ AD DATE (YYMMDD) 96/11/12  c. ES 3  d. RECRUITER IDENT [REDACTED]6631  e. PROG ENL FOR OHTEP  f. T-E MOS/AFS 92010  g. WAIVER YYY

20. ACCESSION DATA
a. ENL DATE 96/11/12  b. AD SVC DATE 96/11/12  c. PAY ENT DATE 96/11/12  d. TOE 3  e. WAIVER YYY  f. PAY GRD  g. DATE OF ORD 96/11/12  h. ES 1  i. ED GRD COMPL 12L
j. RECRUITER IDENT [REDACTED]6631  OHTEP  k. PROG ENLIST FOR 92010  l. T-E MOS/AFS 920000  m. PHOS/AFS XA2  n. YOUTH FV  o. CA FTJACK  p. TRANSFER TO (UIC)

21. SERVICE RQ CDS:
| 0_1 | 0_2 | 1_3 | A_4 | E_5 | P_6 | V_7 | 2_8 | 9_9 | 0_10 | 0_11 | 9_12 | 3_13 | 2_14 | 6_15 | 0_16 | 1_17 | 4_18 | 0_19 | 9_20 |
| 0_22 | 9_23 | 1_24 | 0_25 | 9_26 | 9_27 | 0_28 | 9_29 | 9_30 | 8_31 | 8_32 | 7_33 | 0_34 | 8_35 | 7_36 | 1_37 | 0_38 | 2_39 | 0_40 | 0_41 | 7_42 | A_43 | 8_44 |
| 0_45 | 6_46 | 6_47 | E_48 | 3_49 | M_50 | N_51 | 0_52 | 0_53 | 8_54 | 5_55 | 0_56 | 0_57 | 9_58 | 0_59 | 3_60 | 0_61 | 3_62 | 0_63 | 0_64 | 0_65 | 0_66 | 0_67 | A_68 |
| 9_70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 |
| 93 | 94 | 95 | 96 | 97 | 98 | 99 | 100 | 101 | 102 | 103 | 104 | 105 | 106 | 107 | 108 | 109 | 110 | 111 | 112 | 113 | 114 | 115 | 116 |
| 117 | 118 | 119 | 120 | 121 | 122 | 123 | 124 | 125 | 126 | 127 | 128 | 129 | 130 | 131 | 132 | 133 | 134 | 135 | 136 | 137 | 138 | 139 | 140 |

22. DEP/ACCESSION RECORD (to be completed by MEPS personnel)
| WRK AND STATUS CODE | DATE OF ACTION | O/C | WRK AND STATUS CODE | DATE OF ACTION | O/C |
|---|---|---|---|---|---|
| | | | | | |

DD FORM 1966/1(ADP), JAN 89  Previous editions are obsolete.  THIS PAGE FOR MEPS USE ONLY  DATE: 961112  TIME: 103836  PAGE 1

# RECORD OF MILITARY PROCESSING - ARMED FORCES OF THE UNITED STATES

Before completing this form, read Privacy Act Statement, Warning, and Instructions on reverse.

Form Approved
OMB No. 0704-0173
Expires Jun 30, 1991

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302, and to the Office of Management and Budget, Paperwork Reduction Project (0704-0173), Washington, DC 20503.

| A. SERVICE PROCESSING FOR | B. NO. DAYS PRIOR SERVICE (Complete (1), (2), or (3)) | C. SELECTIVE SERVICE CLASSIFICATION | D. SELECTIVE SERVICE REGISTRATION NO. |
|---|---|---|---|
| DAR | NONE ✓  <366 □  >366 □ (1) DIEUS (YYMMDD) (2) DIERP (YYMMDD) (3) DIERC (YYMMDD) | | |

## SECTION I - PERSONAL DATA

| 1. SOCIAL SECURITY NUMBER | 2. NAME (Last, First, Middle Name (& Maiden, if any), Jr., Sr., etc.) | 3. ALIASES |
|---|---|---|
| 1692 | Castillo  Remigua  Nera | None |

| 4. CURRENT ADDRESS (Street, City, County, State, ZIP Code) | 5. HOME OF RECORD ADDRESS (Street, City, County, State, Country, ZIP Code) |
|---|---|
| 4222 Way St. Los Angeles CA 90011 United States | 4222 Way St. Los Angeles  Los Angeles  Ca 90011 United States |

| 6. CITIZENSHIP (Xone) | 7. SEX | 8. POPULATION GROUP |
|---|---|---|
| a. U.S. AT BIRTH (If this box is marked, also X (1) or (2)) | ✓ a. MALE | a. WHITE |
| (1) NATIVE BORN | b. FEMALE | b. BLACK |
| (2) BORN ABROAD OF U.S. PARENTS) | 9. ETHNIC GROUP (Specify) | c. ASIAN |
| b. U.S. NATURALIZED | Central  America | d. AMERICAN INDIAN |
| c. U.S. DERIVED THROUGH NATURALIZATION OF PARENTS | 10. MARITAL STATUS (Specify) | e. OTHER (Specify) |
| d. U.S. NON-CITIZEN NATIONAL | Single | |
| e. IMMIGRANT ALIEN (Specify) Belize  A  rez | 11. NUMBER OF DEPENDENTS  00 | |
| f. NON-IMMIGRANT FOREIGN NATIONAL (Specify) | | |

| 12. DATE OF BIRTH (YYMMDD) | 13. RELIGIOUS PREFERENCE (Optional) | 14. EDUCATION (Yrs/Highest Ed Gr Compl) | 15. PROFICIENT IN FOREIGN LANGUAGE (If Yes, specify language. If No, enter NONE) | 1st | 2nd |
|---|---|---|---|---|---|
| 77 | Catholic | 12L | Spanish 1 | | |

| 16. VALID DRIVER'S LICENSE (Yes or No) (If yes, list state, number, and expiration date) | 17. PLACE OF BIRTH (City, State and Country) |
|---|---|
| YES  B18. 990925 | Dangriga  Belize |

## SECTION II - EXAMINATION AND ENTRANCE DATA, PROCESSING CODES
FOR OFFICE USE ONLY - DO NOT WRITE IN THIS SECTION - GO ON TO PAGE 2, QUESTION 23

### 18. APTITUDE TEST RESULTS

| a. TEST ID | b. TEST SCORES | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | GS | AR | WK | PC | ND | CS | AS | MK | EI | VE |
| | AFQT PERCENTILE | | | | | | | | | | |

### 19. DEP ENLISTMENT DATA

| a. DATE OF DEP ENLIST- MENT (YYMMDD) | b. PROJ ACTIVE DUTY DATE (YYMMDD) | c. ES | d. RECRUITER IDENTIFICATION | e. PROGRAM ENLISTED FOR | f. 1-E MOS/AFS | g. WAIVER |
|---|---|---|---|---|---|---|
| | | | | | | |

### 20. ACCESSION DATA

| a. ENLISTMENT DATE (YYMMDD) | b. ACTIVE DUTY SERVICE DATE (YYMMDD) | c. PAY ENTRY DATE (YYMMDD) | d. TOE | e. WAIVER | f. PAY GRADE | g. DATE OF GRADE (YYMMDD) | h. ES | i. YRS/ HIGHEST ED GR COMPL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| j. RECRUITER IDENTIFICATION | k. PROGRAM ENLISTED FOR | l. 1-E MOS/AFS | m. PMOS/AFS | n. YOUTH | o. OA | p. TRANSFER TO (UIC) |
|---|---|---|---|---|---|---|
| 6163J | | | | | | |

### 21. SERVICE REQUIRED CODES

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 | 41 | 42 | 43 | 44 |
| 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 |
| 0 | 6 | F | 3 | L | | | | | | | | | | | | | | | |
| 69 | 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 |
| 93 | 94 | 95 | 96 | 97 | 98 | 99 | 100 | 101 | 102 | 103 | 104 | 105 | 106 | 107 | 108 | 109 | 110 | 111 | 112 | 113 | 114 | 115 | 116 |
| 117 | 118 | 119 | 120 | 121 | 122 | 123 | 124 | 125 | 126 | 127 | 128 | 129 | 130 | 131 | 132 | 133 | 134 | 135 | 136 | 137 | 138 | 139 | 140 |

DD Form 1966/1, JAN 89
12/1/010

Previous editions are obsolete.

NAME (Last, First, Middle Initial)  _Castillo  Bennison_       SOCIAL SECURITY NUMBER ___1692__

**32. CERTIFICATION OF RECRUITER OR ACCEPTOR**

a. I certify that I have reviewed all information contained in this document and, to the best of my judgment and belief, the applicant fulfills all legal policy requirements for enlistment  I accept him/her for enlistment on behalf of the United States (Enter Branch of Service) _ARMY_ and certify that I have not made any promises or guarantees other than those listed in Item 31 above. I further certify that service regulations governing such enlistments have been strictly complied with and any waivers required to effect applicant's enlistment have been secured and are attached to this document.

| b. TYPED OR PRINTED NAME (Last, First, Middle Initial) | c PAY GRADE | d RECRUITER ID OR ORGANIZATION | e SIGNATURE | f. DATE SIGNED (YYMMDD) |
|---|---|---|---|---|
| Forrester, Gary L. | E-7 | | Gary L. Forrester | 960404 |

**SECTION V - RECERTIFICATION**

**33. RECERTIFICATION BY APPLICANT AND CORRECTION OF DATA AT THE TIME OF ACTIVE DUTY ENTRY**

a. I have reviewed all information contained in this document this date. That information is still correct and true to the best of my knowledge and belief  If changes were required, the original entry has been marked "See Item 33" and the correct information is provided below.

| b ITEM NUMBER | c CHANGE REQUIRED |
|---|---|
| NONE | AD. (RUC) 961112 |

| d WITNESS (1) TYPED OR PRINTED NAME | (2) PAY GRADE | (3) SIGNATURE | e. APPLICANT (1) SIGNATURE | (2) DATE SIGNED |
|---|---|---|---|---|
| Garcia, Luis D Jr | E-6 | | Bennison Nora Castillo | 961112 |

**SECTION VI - REMARKS** (Specify item(s) being continued by item number. Continue on separate pages if necessary.)

HRAP=0

I understand that Federal Active Service Past 8 years Requires U.S. Citizenship. _Bennison Castillo_

CCN# 6925901/0

Pay grade E-2 authorized IAW AR 601-210 chapter 2 paragraph 2-20(b) (JROTC Program)  SSG ____
                                                                        Guidance Counselor 961112

INTERVIEW CONDUCTED BY MSG GREGORY POWELL ON 12 Nov 96 FOR ENTNAC EXCEPTION.

INCOMPLETE NAC
961107
OPEN # 071
4/13/96

[stamp] Powell Gregory, MSG  MSG-ROGY-CO  12 Nov 96

| DD FORM 1966/4 ATTACHED (X one) | YES | NO X |

DD Form 1966/3, JAN 89          Previous editions are obsolete.                    Page 3

# EXHIBIT H

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| ASTILLO, RENNISON VERN | ARMY/RA | 1692 |

| 4.a GRADE, RATE, OR RANK | 4.b PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| PFC | E3 | 1977 | Year 0000 Month 00 Day 00 |

| 7.a PLACE OF ENTRY INTO ACTIVE DUTY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| LOS ANGELES, CA | 4223 WALL ST<br>LOS ANGELES, CA  90011 |

| 8.a LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b STATION WHERE SEPARATED |
|---|---|
| 0502 MI BN     HQ, HQ SVC CO FC | FORT LEWIS, WA  98433 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE | None |
|---|---|---|
| NA | Amount: $ 250,000.00 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| 92G1O 00 FOOD SERVICE SPECIALIST--6 YRS-4 MOS //NOTHING FOLLOWS | a. Date entered AD This Period | 1996 | 11 | 13 |
| | b. Separation Date This Period | 2003 | 06 | 24 |
| | c. Net Active Service This Period | 0006 | 07 | 13 |
| | d. Total Prior Active Service | 0000 | 00 | 00 |
| | e. Total Prior Inactive Service | 0000 | 00 | 00 |
| | f. Foreign Service | 0000 | 00 | 00 |
| | g. Sea Service | 0000 | 00 | 00 |
| | h. Effective Date of Pay Grade | 1999 | 01 | 12 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) |
|---|
| NATIONAL DEFENSE SERVICE MEDAL//ARMY SERVICE RIBBON//NOTHING FOLLOWS |

| 14. MILITARY EDUCATION (Course title, number of weeks and month and year completed) |
|---|
| FOOD SERVICE SPECIALIST, 9 WEEKS, 1997//NOTHING FOLLOWS |

| 15.a MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERAN'S EDUCATIONAL ASSISTANCE PROGRAM | Yes | No | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No | 16. DAYS ACCRUED LEAVE PAID |
|---|---|---|---|---|---|---|
| | | X | | X | | NONE |

| 17. MEMBER WAS PROVIDED A COMPLETE DENTAL EXAM AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | X | No |
|---|---|---|---|

| 18. REMARKS |
|---|
| DATA HEREIN SUBJECT TO COMPUTER MATCHING WITHIN DOD OR WITH OTHER AGENCIES FOR VERIFICATION PURPOSES AND DETERMINING ELIGIBILITY OF COMPLIANCE FOR FEDERAL BENEFITS//IMMEDIATE REENLISTMENTS THIS PERIOD: 19961112-19990330, 19990331-20000605, 20000606-20030620//MEMBER HAS COMPLETED FIRST FULL TERM OF SERVICE//NOTHING FOLLOWS |

| 19.a MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|
| 5801 ORCHARD ST W<br>UNIVERSITY PLACE, WA  98467 | TIMOTHEA CASTILLO<br>4223 WALL ST<br>LOS ANGELES, CA  90011 |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO: WA DIR OF VET AFFAIRS | X | Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | | LARRY H. CLAY, GS9, CHIEF, TRANSITION CENTER |

| SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only) |
|---|

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| DISCHARGE | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-200, PARA 16-5A | KGH | 3 |

| 28. NARRATIVE REASON FOR SEPARATION |
|---|
| NON-RETENTION ON ACTIVE DUTY |

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
|---|---|
| NONE | Initials. |

DD Form 214-AUTOMATED, NOV 88        *Previous editions are obsolete.*        SERVICE - 2

# EXHIBIT I

A# ████████ 8414

| CLERICAL | Initials | Date | Remarks |
|---|---|---|---|
| (a)(k)(2) Fee was paid. | | 11/13/97 | |
| (b)(7)(C) FD-258 "masthead" is complete, accurate, and legible. | Set 1 / Set 2 | 11/12/97 | |
| If necessary, A-number is zero filled on FD-258. (e.g., A40123456 to A040123456). | Set 1 / Set 2 | 11/12/97 | |
| FD-258 (fingerprints) were sent to FBI. | Set 1 / Set 2 | 11/12/97 | |
| All receipt data entry was completed. (NACS/CLAIMS-GUI) | | 11/18/97 | |
| If Non-NACS site, G-325 was sent to FBI, and copy retained in file. (SCs = N/A) | | 072398 | |
| If military, G-325B and N-426 were sent, and copies retained in file. | | | |
| FD-258 Control # _CA2304M_ | | 6/29/98 | |
| A-file was located in your own office. | | | |
| If not, initial A-file transfer request was made. | | 11/14/97 | |
| If necessary, 2nd A-file transfer request was made. (30 calendar days) | | 12/14/97 | |
| If necessary, 3rd A-file transfer request was made. (30 calendar days) | | 1/13/98 | |
| Final status of A-file transfer request. | | 5/20/98 | Received 5/20/98 |
| A-file relates to the applicant. | | 5/20/98 | |

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 55

A# [REDACTED] 8414

| OFFICER | Initials | Date | Remarks |
|---|---|---|---|
| (a)(k)(2) Appeared for interview. 1) | | 7-2-98 | |
| (b)(7)(c) 2) | | | |
| Was interviewed on an A-file. | | 7-2-98 | |
| Met Section 312 English requirements at initial interview. | | 7-2-98 | |
| If not, passed English Re-Exam. | | | |
| Met Section 312 Civics requirements at initial interview. | | 7-2-98 | |
| If not, passed Civics Re-Exam. | | | |
| If applicable, met Section 312 disability exception. | | | |
| Established physical presence/residence. | | 7-2-98 | |
| Established good moral character. | | 7-2-98 | |
| Established attachment to Constitution. | | 7-2-98 | |
| Required a modified oath. (put reason(s) in remarks) | | | |
| Met other eligibility requirements. (put reason(s) in remarks) | | lc 6-98 | See N-14 7-2-98 3rd Agency check complete 10-4-98 |
| Officer recommendation, if supervisory review required. | | | |
| Indicate final decision under remarks. (grant, denied, or withdrawn) | | lc 6-98 | Grant 10-6-98 |
| SUPERVISORY CONCURRENCE WITH OFFICER'S RECOMMENDATION | | Date | Remarks |
| Applicant with criminal history requiring Supervisory review. | | | |
| Applicant approved on basis of T-file. | | | |
| Applicant meeting Section 312 disability exception. | | | |
| OATH CEREMONY | | Date | Remarks |
| No Show. 1) | | | |
| 2) | | | |

Reviewed and reverified _____

Supervisor/Officer's Signature

1 10 6 98
Date

249

Form N-650(6/25/97) Pag

REDACTED

991088

BH

# BIOGRAPHIC INFORMATION

OMB No. 1115-0066

U.S. Department of Justice
Immigration and Naturalization Service

| (Family name) | (First name) | (Middle name) | ☒MALE ☐FEMALE | BIRTHDATE (Mo.-Day-Yr) 77 | NATIONALITY Belizean | FILE NUMBER A- ▓▓ 8414 |
|---|---|---|---|---|---|---|
| CASTILLO | Ronnison | Vern | | CITY AND COUNTY OF BIRTH | | SOCIAL SECURITY NO. (If any) ▓▓-1492 |

ALL OTHER NAMES USED (Including names by previous marriages)   N/A

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (if known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | CASTILLO | Ronnie | UNKNOWN | LOS ANGELES CA. |
| MOTHER (Maiden name) | MARTINEZ | Timothea | UNKNOWN | |

| | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|
| HUSBAND (If none, so state) OR WIFE | USHER | SELMA | ▓▓-70 Belize City Belize Central A. | 12-23-96 | Los Angeles California |

FORMER HUSBANDS OR WIVES (If none, so state)

| FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | DATE AND PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE |
|---|---|---|---|---|
| | NONE | | | |

APPLICANTS RESIDENCE LAST FIVE YEARS, LIST PRESENT ADDRESS FIRST.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| 7101 150 TH S.T. S.W #AU | Tacoma | Washington | Pierce | 04 | 97 | PRESENT TIME | |
| 3501 Yukon Ave #6 | Hawthorne | California | — | 05 | 96 | 04 | 97 |
| 4222 43 St. E. | Los Angeles | California | — | 07 | 93 | 05 | 96 |
| 132 E. 35. S.T. #5 | Los Angeles | California | — | 07 | 85 | 07 | 93 |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATE OF MORE THAN ONE YEAR.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE) LIST PRESENT EMPLOYMENT FIRST.

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (Specify) | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|
| U.S. Army | Cook | 11 | 96 | PRESENT TIME | |
| STUDENT | NONE | — | | | |
| STUDENT | NONE | — | | | |
| STUDENT | NONE | — | | | |

Show below, last occupation abroad if not shown above. (Include all information requested above.)

| THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR: |
|---|
| ☒ NATURALIZATION  ☐ OTHER (Specify) |
| ☐ STATUS AS PERMANENT RESIDENT |

SERVICEMAN

INS USE (Office of Origin)

If serving or ever served in the Armed Forces of the United States, complete the following:

| Branch of Service U.S. Army | Rank E-3 PFC | Service Number |
|---|---|---|

Office Code   SEA
Type of Case   NATZ
Date

To Other Agency: Please furnish on the reverse of this form, or by attachment hereto, any derogatory information that may be contained in your records concerning the above person, for use in connection with consideration of above application and return to U.S. Immigration and Naturalization Service.

*U.S. IMM & NATZ SERVICE LIAISON OFFICE
FORT GEORGE MEADE 20755
CHECKED TO DAS/1
FOR FILE REVIEW

AUG 12 1998

☐ No Record
☐ Nothing Derogatory
☐ Report Attached
☐ Remarks on Reverse

| (OTHER AGENCY) | | | | FOR STATE DEPARTMENT USE |
|---|---|---|---|---|
| | | | | ☐ SY |
| | | | | ☒ RSC |
| | | | | ☐ RMR |
| | | | | ☐ C:Visa |
| | | | | ☐ R:Visa |
| | | | | ☐ ORM |

(ALL DEFENSE CHECKS)

| MIL PERS | AIR RESERVE | ☐ OSI (USAF) | ☐ ONI (USN) | MAIL TO: DIRECTOR. UNITED STATES ARMY INVESTIGATIVE RECORDS REPOSITORY ATTN: ICIRR—RA FOR MEADE, MARYLAND 20755 ATTENTION: LIAISON OFFICE IMMIGRATION AND NATURALIZATION SERVICE |
|---|---|---|---|---|
| USAF PERS | ARMY PERS | ☐ MID G-2 | ☐ PROV MAR. | |
| SEE O.1.328.1 FOR MAILING ADDRESS | | | | |

| STATE (P P) | STATE (S.Y.) | OTHER |
|---|---|---|
| | | |

SEE O.I. 105.4 FOR MAILING ADDRESS

FORM G-325B (Rev. 10-1-82)Y

250

Date _____ 19 ____

| | |
|---|---|
| Date of entry into service | |
| Date of separation | |
| Service number | |

The records of this Department show the following with respect to the subject of your inquiry:

All organizations, clubs or societies in the United States, or in any other country, of which subject was a member at any time, and dates thereof. (If none, show "None".) _____

_____

_____

_____

All arrests, convictions, disciplinary actions, court martial proceedings, and illegal or immoral conduct in which subject involved, including dates and results thereof. (If none, show "None".)

_____

_____

_____

Details of any oral or written statements, conduct, behavior or associations of the subject which may indicate belief in, advocacy of or preference or sympathy for Communism or any other foreign ideology inconsistent with loyalty to the United States or the form of government of the United States or attachment to the principles of the United States Constitution. (If none, show "None".)

_____

_____

_____

Additional information or references.

_____

_____

_____

I certify that the information here given concerning the person named is correct according to the records of the

_____
(Name of Department or organization)

Official signature _____

By _____

251

OMB # J115-0194

## Attestation by
### Designated Fingerprinting Service
### Certified to Take Fingerprints

U.S. Department of Justice
Immigration and Naturalization Service

### Part 1. Instructions

To ensure the INS of the integrity of the fingerprint cards submitted by applicants for benefits, all DFS fingerprinters must fill out an attestation on Form I-850A each time they take fingerprints for an immigration benefit applicant. The DFS's fingerprinters are required to execute the attestations in duplicate, giving the original copy to the person being fingerprinted and keeping the second copy, which may be a reproduced copy of the original attestation, on file for at least 3 months for Service inspection. Attestations must be submitted on Form I-850A, Attestation by Designated Fingerprinting Service Certified to Take Fingerprints. Re........ copies of Form I-850A are acceptable.

Reporting Burden. Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a currently valid OMB number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. Often this is difficult because some immigration laws are very complex. Accordingly, the reporting burden for this collection of information is computed as follows: 1) Learning about the law and form 3 minutes 2) completing form 2 minutes and 3) Assembling and filing the application 5 minutes; for a total estimated average of 10 minutes per response. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can WRITE to the Immigration and Naturalization Service, 425 I Street, N.W., Room 5307, Washington, D.C. 20536. (Do not mail your completed application to this address.)

### Part 2. Information about DFS

| Last name | First name | Middle name |
|---|---|---|
| MARTIN | GENEVA | LORRAINE |

Name and address of company/organization

THE CARING PLACE

| Street number and name | Suite # |
|---|---|
| | 101 |

| | |
|---|---|
| | 98202 |

| Certification number of DFS (As assigned by the INS) | Expiration date | Fee charged |
|---|---|---|
| SEADFS0010 | 08/08/99 | $10.00 |

### Part 3. Attestation

I attest that I have complied with the requirements of 8 CFR 103.2(e) and I have properly checked the identity of this person whom I just fingerprinted by comparing the information on the fingerprint card with his/her:

(1) ☐ passport number
(2) ☒ alien registration card number A_____8414 _____ document
(3) ☐ other INS issued photo-ID: name of document _____ number
(4) ☒ other documented proof of ID (state the type of ID document checked and list the document serial number, if any) ARMED FORCES ID CARD # _____ 1692

I understand the fingerprinting procedures required by law and I have received adequate training to perform my fingerprinting responsibilities.

This attestation is executed in the presence of the person listed below whom I just fingerprinted.

BENISON VERN CASTILLO

(Print name of person fingerprinted)                    (Signature of person fingerprinted)

### Part 4. Signature

| Print name of fingerprinter | Signature of fingerprinter | Date |
|---|---|---|
| GENEVA L. MARTIN | | 08/01/97 |
| Employee ID # (As assigned by INS) | Telephone # | |
| EMP01 | ( 206 ) 593-0331 | |

Form I-850A (5-21-96)                    APPENDIX B

[FR Doc. 96-13856 Filed 6-3-96; 8:45 am]
BILLING CODE 4410-10-C

252

REDACTED

# EXHIBIT J

# IMPORTANT



UNITED STATES OF AMERICA

No. 1100

CERTIFICATE OF NATURALIZATION

Personal description of holder as of date of naturalization:
Date of birth: 77
Sex: MALE
Height: 5 feet 6 inches
Marital status: MARRIED
Country of former nationality: BELIZE

INS Registration No.    A    8 414

*complete and true signature of holder*

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

Be it known that, pursuant to an application filed with the Attorney General

at: SEATTLE, WASHINGTON

The Attorney General having found that:

********
RENNISON VERN CASTILLO    ********

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. IMMIGRATION AND NATURALIZATION SERVICE

at: SEATTLE, WASHINGTON    on: OCTOBER 28, 1998

that such person is admitted as a citizen of the United States of America.

Commissioner of Immigration and Naturalization

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

FORM N-550 REV. 2-91

11

REDACTED

# EXHIBIT K

U.S. Department of Justice                          OMB No. 1115-0052
Immigration and Naturalization Service      Notice of Naturalization Oath Ceremony

AR #                                      A ████ 0 386

Date                                      October 9, 1998

**RENNISON V. CASTILLO**
**7101 150TH ST. SW**
**TACOMA, WA 98439**

You are hereby notified to appear for a Naturalization Oath Ceremony on:

## TUESDAY OCTOBER 28, 1998

at:        **815 Airport Way South**
           **Seattle, WA 98134**

                        3:15     P
Please report promptly at                M.

You must being the following with you:

☒ This letter, WITH ALL OF THE QUESTIONS ON THE OTHER SIDE ANSWERED IN INK OR ON A
   TYPEWRITER.
☒ Alien Registration Card.
☒ Reentry Permit, or Refugee Travel Document.
☒ Any Immigration documents you may have.
☒ If the naturalization application is on behalf of your child (children), bring your child (children).
☐ Other

Proper attire should be worn.

If you cannot come to this ceremony, return this notice immediately and state why you cannot appear. In such
case, you will be sent another notice of ceremony at a later date. You must appear at an oath ceremony to
complete the naturalization process.

Form N-445 (Rev. 1/8/92)            (SEE OTHER SIDE)

13

In connection with your application for naturalization, please answer each of the questions by checking "Yes" or "No". You should answer these questions the day you are to appear for the citizenship oath ceremony. These questions refer to actions since the date you were first interviewed on your Application for Naturalization. They refer to anything that happened before that interview.

After you have answered every question, sign your name and fill in the date and place of signing, and provide your current address.

You must bring this completed questionnaire with you to the oath ceremony, as well as the documents indicated on the front, and give them to the Immigration employee at the oath ceremony. You may be questioned further on your answers at that time.

| AFTER the date you were first interviewed on your Application for Naturalization, Form N-400: | ANSWERS |
|---|---|

1. Have you married, or been widowed, separated, or divorced? (If "Yes" please bring documented proof of marriage, death, separation or divorce.)  
   1. ☐ Yes ☒ No

2. Have you traveled outside the United States?  
   2. ☐ Yes ☒ No

3. Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations?  
   3. ☐ Yes ☒ No

4. Have you joined any organization, including the Communist Party, or become associated or connected therewith in any way?  
   4. ☐ Yes ☒ No

5. Have you claimed exemption from military service?  
   5. ☐ Yes ☒ No

6. Has there been any change in your willingness to bear arms on behalf of the United States; to perform non-combatant service in the armed forces of the United States; to perform work of national importance under civilian direction, if the law requires  
   6. ☐ Yes ☒ No

7. Have you practiced polygamy; received income from illegal gambling; been a prostitute, procured anyone for prostitution or been involved in any other unlawful commercialized vice; encouraged or helped any alien to enter the United States illegally; illicitly trafficked in drugs or marihuana; given any false testimony to obtain immigration benefits; or been a habitual drunkard?  
   7. ☐ Yes ☒ No

I certify that each of the answers shown above were made by me or at my direction, and that they are true and correct.

Signed at ___Tacoma Washington___ on ___10-28-98___  
(City and State)                                   (Date)

___Rennison Vern Castillo___   7101 150 TH ST S V# A4 Tacoma WA 98439  
(Full Signature)                              (Full Address and ZIP Code)

Authority for collection of the information requested on Form N-445 is contained in Sections 101(f), 316, 332, 335 and 336 of the Immigration and Nationality Act (8 U.S.C. 1101 (f), 1427, 1443, 1446 and 1447). Submission of the information is voluntary. The principal purposes for requesting the information are to enable examiners of the Immigration and Naturalization Service to determine an applicant's eligibility for naturalization. The information requested may, as a matter of routine use, be disclosed to naturalization courts and to other federal, state, local or foreign law enforcement and regulatory agencies, the Department of Defense, including any component thereof, the Selective Service System, the Department of State, the Department of the Treasury, the Department of Transportation, Central Intelligence Agency, Interpol and individuals and organizations in the processing of any application for naturalization, or during the course of investigation to elicit further information required by the Immigration and Naturalization Service to carry out its functions. Information solicited which indicates a violation or potential violation of law, whether civil, criminal, or regulatory in nature, may be referred, as a routine use, to the appropriate agency, whether federal, state, local or foreign, charged with the responsibility of investigating, enforcing or prosecuting such violations. Failure to provide all or any of the requested information may result in a denial of the application for naturalization.

Public Reporting burden for this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: U.S. Department of Justice, Immigration and Naturalization Service, (Room 5304), Washington, DC 20536; and to the Office of Management and Budget, Paperwork Reduction Project: OMB No. 1115-0052; Washington, DC 20503.

☆ U.S. GPO:1993-301-164/82713

14

# EXHIBIT L

# Record of Deportable/Inadmissible Alien

| | | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| | | | | M | BLK | BRO | DRK |

| Family Name (CAPS) | First | Middle | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| CASTILLO, Renison Vern | | | | 67 | 210 | |

| Country of Citizenship | Passport Number and Country of Issue | Case No: **REDACTED** 561 | File Number **REDACTED** 0077 | Scars and Marks |
|---|---|---|---|---|
| BELIZE | | | | See Narrative |

| U.S. Address | | F.B.I. Number | ☒ Single ☐ Married |
|---|---|---|---|
| C/O NW DETENTION CENTER 1623 EAST J STREET TACOMA, WASHINGTON 98421 | Passenger Boarded at | **REDACTED** 3AC3 | ☐ Divorced ☐ Widower ☐ Separated |

| Date, Place, Time, and Manner of Last Entry | | Method of Location/Apprehension |
|---|---|---|
| 07/16/1984, Unknown Time, ELP, EWI | | CAP 511.2.3 |

| Number, Street, City, Province (State) and Country of Permanent Residence | At/Near | Date/Hour |
|---|---|---|
| DANGRIGA, BELIZE | Tacoma, WA | 09/21/2005 0000 |

| Date of Birth **REDACTED**/1977   Age: 27 | Date of Action 09/21/2005 | Location Code XSE/ISE | By |
|---|---|---|---|

| City, Province (State) and Country of Birth | AR | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ |
|---|---|---|---|---|
| STANN CREEK DIST., SEINE BRIGHT VILLAGE, BELIZE | | | | |

| NIV Issuing Post and NIV Number | Social Security Account Name CASTILLO, RENNISON V | (b)(7)(c) | Status at Entry EWA Mexico | Status When Found IN INSTITUTION |
|---|---|---|---|---|

| Date Visa Issued | Social Security Number **REDACTED** 1692 | (a)(k)(2) | Length of Time Illegally in U.S. |
|---|---|---|---|

| Immigration Record POSITIVE - See Narrative | Criminal Record None known | |
|---|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | Number and Nationality of Minor Children UNKNOWN |
|---|---|---|

| Father's Name, Nationality, and Address, if Known   Nationality: BELIZE CASTILLO, Rennie B | Mother's Present and Maiden Names, Nationality, and Address, if Known **REDACTED** BELIZE |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | INS Systems Checks | Charge Code Word(s) See Narrative |
|---|---|---|---|

| Name and Address of (Last) (Current) U.S. Employer | Type of Employment | Salary Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

**SCARS, MARKS AND TATTOOS**
None Visible

**CHARGE CODE WORD(S)**
I6A
I2A1

**Narrative Title:** Record of Deportable/Excludable Alien
**Narrative Created by** _____ (a)(k)(2) (b)(7)(c)

Subject encountered at the Pierce Co. Jail, Tacoma, WA. A native and citizen of Belize, subject entered the U.S. at/near El Paso, TX on/about July 16, 1984 without inspection and believed to be accompanied by his mother. Subject was granted voluntary departure under the Family Fareness Program (see letter dated 6/24/91 - Western Service Center). Service record indicates that his mother naturalized on 11/15/1996. Subject was 19 at time of mothers naturalization. There is no record to indicate subject applied for relief/immigration status at that time or anytime thereafter.
CONVICTION RECORD: 7/12/05 (Cause #05-1-02737-3) Pierce Co., WA: DV-Residential Burglary
- 8 months and Violation of Protection Order -DV (Count II).
7/12/05 (Cause #05-1-02791-8) Pierce Co., WA: Felony Harassment - 8 months
IMMIGRATION RECORD: See above

(a)(k)(2)
(b)(7)(c) has been advised of communication privileges. _____ (Date/Initials)

| Distribution: File | Rec'd |
|---|---|
| | Officer |
| | on: _____ |
| | Disposition: Warr: |
| | Examining Officer: |

| | (time) |
|---|---|
| | r/Notice to Appear |
| | JR III |

4
142

Form I-213 (Rev. 4/1/97)

REDACTED

| Alien's Name | File Number | Date |
|---|---|---|
| STILLO, Renison Vern | Case No: ████████0077  A████ 09 541 | 09/21/2005 |

OTHER:  Subject claimed no property or equities here in the U.S.

| Signature | Title |
|---|---|
| a)(k)(2) | SENIOR SPECIAL AGENT |
| )(c) | |

Form I-831 Continuation Page (Rev. 6/12/92)

S143

REDACTED

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 67

# EXHIBIT M

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A[redacted] 541
Case No: [redacted]077

In the Matter of:

Respondent:  Renison Vern CASTILLO _____  currently residing at:

C/O IN DETENTION CENTER 1623 EAST J STREET
TACOMA WASHINGTON 98421

(Number, street, city state and ZIP code)    (Area code and phone number)

☐ 1. You are an arriving alien.
☒ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

          See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

          See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
1000 2nd Avenue, Suite 2500 Seattle WASHINGTON US 98104 1000 2nd Ave, Suite 2500

(Complete Address of Immigration Court, including Room Number, if any)

on a date to be set        at a time to be set. to show why you should not be removed from the United States based on the
     (Date)                        (Time)
charge(s) set forth above.

TACOMA/DRO
NTA SENT TO EOIR
DATE 11-16-05 INITIALS [illegible]

Non Petta (a)
~~SUPERVISORY SPECIAL AGENT~~
(Signature and Title of Issuing Officer)

Date:  9-23-05                    Seattle, WA
                                  (City and State)

**See reverse for important information**

*18*

Form I-862 (Rev. 3/22/99)N

198

REDACTED

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. ~~I waive my right to have a 10-day period prior to appearing before an immigration judge.~~

Before: _____  SSA
(Signature and Title of INS Officer)

_____
(Signature of Respondent)

Date: _11 · 15 · 05_

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __11·15·05__, in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

[X] in person     [ ] by certified mail, return receipt requested     [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[ ] Attached is a list of organizations and attorneys which provide free legal services.
The alien was provided oral notice in the **English/Spanish** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____  SSA
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

*18*

**199**

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 70

| Alien's Name | File Number | Date |
|---|---|---|
| Renison Vern CASTILLO | Case No: ████████████0077<br>A████████9 541 | |

The Service alleges that you:

1) You are not a citizen or national of the United States;

2) You are a native of BELIZE and a citizen of BELIZE;

3) You arrived in the United States at or near El Paso, TX, on or about   July 16, 1984;

4) You were not then admitted or paroled after inspection by an Immigration Officer.

5) You were, on July 12, 2005, convicted in the Superior Court of Washington for Pierce County for the offense of DV-Residential Burglary, in violation of RCW 9A.52.025.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

| Signature | Title |
|---|---|
| ᴺᴼ ᴾᴸᴵⱽ | **SUPERVISORY SPECIAL AGENT** |

Form I-831 Continuation Page (Rev. 6/12/92)

/8

**200**

REDACTED

PLAINTIFF'S FIRST
AMENDED COMPLAINT - 71

# EXHIBIT N

In the Matter of:                Case No:    A███████-541
CASTILLO, RENISON VERN

RESPONDENT                           IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

After considering the facts and circumstances of this case and as there
is no opposition from the parties, it is HEREBY ORDERED that these
proceedings be terminated with /(without) prejudice.

NTA dated: Sep 23, 2005.

Reason for Termination: DHS REQUPST

KENNETH JOSEPHSON
Immigration Judge
Date: July 7, 2006

Appeal Waived/Reserved by A/I: NO APPEAL
Appeal Due Date: _

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)  PERSONAL SERVICE (P)
TO:   [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [M] Alien's ATT/REP  [M] INS
DATE: 7/7/06           BY: COURT STAFF   _____
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR 35 - 6T (Termination)

REDACTED